FILED
CLERK

2014 OCT 15 AM 10: 19

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RENATO AYALA, BLAS GUTIEREZ, LEONEL JIMENEZ and MIGUEL SERRANO, individually and on behalf of all other employees similarly situated,

    Plaintiff,

- against -

LOOKS GREAT SERVICES, INC., KRISTIAN TODD AGOGLIA, and JOHN AND JANE DOES # 1-10,

    Defendants.

Case No. _____

**CV 14-6035**

COLLECTIVE & CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

SPATT, J.

LOCKE, M.J.

Plaintiffs, Renatyo Ayala ("Ayala"), Blas Gutierez ("Gutierez"), Leonel Jimenez ("Jimenez") and Miguel Serrano ("Serrano") (collectively "Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorney, hereby file their Complaint defendants Looks Great Services, Inc., ("Looks Great"), Kristian Todd Agoglia ("Agoglia"), and John Does and Jane Does # 1-10 (collectively "Defendants"), and allege as follow:

## NATURE OF THE ACTION

1. Plaintiffs, former employees of defendant Looks Great, bring this action under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., ("FLSA") on the grounds that they are entitled to: (i) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA.

2. Plaintiffs assert these claims individually and on behalf of other similarly situated current or former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. §216(b).

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs further allege on behalf of themselves, and a class of all other similarly situated current and former employees of Defendants, that they are entitled to: (i) overtime compensation for work performed for which they did not receive overtime premium pay; (ii) spread of hours compensation; and (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance governing minimum overtime, spread of hours, and notices and statements of rates of pay ("NYLL").

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

5.  This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367 since it is so related to the FLSA claims.

6.  This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

7.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because defendants Looks Great and Agoglia maintain a primary place of business at 7 Lawrence Hill Road, Huntington, New York 11746, and a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

8.  Plaintiff Ayala is a resident of the State of New York, County of Suffolk. Ayala was employed by Defendants as a landscape/laborer from 2004 through 2011.

9. Plaintiff Gutierez is a resident of the State of New York, County of Suffolk. Gutierez was employed by Defendants as a landscape/laborer from 2005 through approximately March 2011.

10. Plaintiff Jimenez is a resident of the State of New York, County of Suffolk. Plaintiff Jimenez was employed by the Defendants as a landscaper/laborer from 2004 through approximately December 2010.

11. Plaintiff Serrano is a resident of the State of New York, County of Suffolk. Plaintiff Serrano was employed by the Defendants as a landscaper/laborer from 2006 through approximately March 2011.

12. Defendant Looks Great is a New York Corporation with a principal place of business at 7 Lawrence Hill Road, Huntington, NY 11746.

13. Upon information and belief, defendant Agoglia is an owner, officer, shareholder, and manager of defendant Looks Great. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees of Looks Great, establish their wages, set their work schedules, and maintain their employment records.

14. Upon information and belief, Defendants John and Jane Does # 1-10 are owners, officers, shareholders, and/or managers of Looks Great. Upon information and belief, at all times relevant to the allegations herein, they had the power to hire and fire employees of Looks Great, establish their wages, set their work schedules, and/or maintain their employment records.

15. Defendants, and each of them, are employers within the meaning of the FLSA and New York Labor Law.

16. During the times relevant to this Complaint, Defendants have employed more than two employees and have annual gross volume of sales of not less than $500,000.00.

17. Defendants are subject to the FLSA and qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.

18. Defendants were, during all relevant times, and continue to be employers engaged in interstate commerce and/or the production of goods within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

19. Defendants employed Plaintiffs and all other similarly situated employees as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their claims as a collective action on behalf of themselves and all other employee or former employees Defendants since 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, who were not paid wages for all hours worked, and who were not paid overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least twenty (20) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

22. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

23. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by the individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

24. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds general applicable to all members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members minimum wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendants should be enjoined from such violations of the FLSA in the future.

25. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

26. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since 2004 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid spread-of-hour pay and overtime wages in violation of the New York Labor Law (the "Class").

28. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of twenty (20) members of the Class during the Class Period.

29. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy-particularly in the context of wage and hour litigation where individual Plaintiffs lack the

financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30. The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. Plaintiffs have committed themselves to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

32. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the Plaintiffs and Class within the meaning of New York Labor Law;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the members of the Class;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

   e. whether Defendants' violations of the NYLL are willful as that term is used within the context of the NYLL;

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Defendants should be enjoined from such violations of the NYLL in the future;

h. whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split worked in a day;

i. whether Defendants failed to provide Plaintiffs with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and,

j. whether Defendants failed to provide Plaintiffs with written statements of their wages, listing dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, §195(3).

## *STATEMENT OF FACTS*

33. At all relevant times, the Defendants operated a landscaping business known as Looks Great with a principal place of business at 7 Lawrence Hill Road, Huntington, NY 11746.

34. Upon information and belief, Defendants employed at least twenty (20) employees at any time in their landscaping business. Plaintiffs and a large number of Defendants' other employees have not received their: (i) overtime pay as required by the Fair Labor Standards Act and the New York Labor Law; and (ii) spread-of-hour pay for work performed in excess of 10 hours per day and/or when working split shifts.

35. Plaintiff Ayala was employed by the Defendants as a landscaper/laborer from 2004 through 2011.

36. Plaintiff Gutierez was employed by Defendants as a landscape/laborer from 2005 through approximately March 2011.

37. Plaintiff Jimenez was employed by the Defendants as a landscaper/laborer from 2004 through approximately December 2010.

38. Plaintiff Serrano was employed by the Defendants as a landscaper/laborer from 2006 through approximately March 2011.

39. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of Article nineteen; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

40. On behalf of Looks Great, Ayala's general duties were to cut down trees and/or perform maintenance on trees, as well as related duties.

41. On behalf of Looks Great, Gutierez's general duties were to cut down trees and/or perform maintenance on trees, as well as related duties.

42. On behalf of Looks Great, Jimenez's general duties were to cut down trees and/or perform maintenance on trees, as well as related duties.

43. On behalf of Looks Great, Serrano's general duties were to cut down trees and/or perform maintenance on trees, as well as related duties.

44. Throughout their employment by Defendants, Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek. Plaintiffs are entitled to spread-of-hour premium for those six (6) days.

45. Plaintiffs were not allowed to take a full 30 minute uninterrupted lunch break during their shifts.

46. Plaintiffs work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

47. The work performed by the Plaintiffs required little skill and no capital investment.

48. Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

49. Plaintiffs worked in excess of 40 hours a week every week yet the Defendants willfully failed to pay Plaintiffs compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

50. In addition to the Plaintiffs, during the relevant time periods Defendants usually employed at least twenty (20) other employees simultaneously.

51. Throughout that time and, upon information and belief, both before that time (throughout the Class Period) and continuing until the present, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital providing landscaping-laborer services.

52. Such individuals have worked in excess of 40 hours a week providing tree maintenance/landscaping/laborer services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

53. As stated, the exact number of individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

54. Throughout all relevant times periods, upon information and belief, and during the Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required the Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

55. Throughout all relevant times periods, upon information and belief, and during the Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

56. Throughout all relevant times periods, upon information and belief, and during the Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to post and keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF:*
### *FAIR LABOR STANDARDS ACT*

57. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

60. Upon information and belief, at all relevant times, Looks Great had or has gross revenues in excess of $500,000.

61. At all relevant times the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

62. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a) and 215(a).

63. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 216(b).

### *SECOND CLAIM FOR RELIEF:*
### *NEW YORK LABOR LAW*

65. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66. At all relevant times Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants' willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

68. The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

69. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, and additional hour of pay for each hour worked in excess of ten hours in one day, an additional hour of pay for each split shaft worked in a day and reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 631(1) et al.

### *THIRD CLAIM FOR RELIEF:*
### *FAILURE TO PROVIDE NOTICES AND STATEMENTS*
### *UNDER YORK LABOR LAW*

70. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71. The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of Article nineteen; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL, §195(1).

72. Due to the Defendants' violations of NYLL, §195(1), the Plaintiffs on behalf of themselves and all other similarly situated members of the Class are entitled to recover from the Defendants liquidated damages of at least $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL, § 198(1-b).

73. The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL, § 195(3).

74. Due to the Defendants' violations of NYLL, §195(3), the Plaintiffs on behalf of themselves and all other similarly situated members of the Class are entitled to recover from the Defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL, § 198(1-d).

75. The Defendants' NYLL violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the situated Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent situated Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, polices and patterns set forth herein;

f. An award of wages for overtime compensation and spread-of-hours compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216 and the New York Labor Law.

h. An award of liquidated damages as a result of the Defendants' failure to furnish a notice at the time of hearing, pursuant to the New York Labor Law;

i. An award of liquidated damages as a result of the Defendants' failure to furnish statements with each payment of wages, pursuant to the New York Labor Law;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and the Class, demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
October 10, 2014

<u>SCHILLER LAW GROUP, P.C.</u>

By: /s/ John V. Golaszewski
John V. Golaszewski
130 West 42nd Street, Suite 1002
New York, NY 10036
Tel.: (212)768-8700
Fax: (866)326-1548

*Attorneys for Plaintiffs*