UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RENATO AYALA, BLAS GUTIEREZ, LEONEL
JIMENEZ and MIGUEL SERRANO, individually and
on behalf of all other employees similarly situated,

               Plaintiffs,

               - against -

LOOKS GREAT SERVICES, INC., KRISTIAN
TODD AGOGLIA, and JOHN AND JANE DOES # 1-
10,

               Defendants.
----------------------------------------------------------------X

**14 Civ. 6035(ADS) (SIL)**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT SUBMITTED BY DEFENDANTS LOOKS GREAT SERVICES, INC. AND KRISTIAN TODD AGOGLIA

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................1

FACTS ......................................................................................................................3

    A.    Filing of Initial Complaint ..............................................................3

    B.    Filing of Defendants' Motion to Dismiss the Complaint.........................4

    C.    Filing of Amended Complaint .......................................................4

STANDARD OF REVIEW .......................................................................................6

ARGUMENT ...........................................................................................................8

    POINT I  THE AMENDED COMPLAINT SHOULD BE DISMISSED
            BECAUSE THE CLAIMS UNDER THE FAIR LABOR
            STANDARDS ACT ARE TIME BARRED...........................................8

    POINT II  THE AMENDED COMPLAINT FAILS TO STATE A
             CLAIM UNDER THE FLSA OR LABOR LAW .................................10

    POINT III  THE AMENDED COMPLAINT FAILS TO PROPERLY
             PLEAD A SPREAD OF HOURS CLAIM UNDER THE LABOR
            LAW .........................................................................................15

    POINT IV  THE AMENDED COMPLAINT FAILS TO STATE A
             CLAIM UNDER THE WAGE THEFT PREVENTION ACT............................17

    POINT V  PLAINTIFFS' COLLECTIVE AND CLASS ALLEGATIONS
             ARE TIME BARRED....................................................................18

    POINT VI  SANCTIONS UNDER 28 U.S.C. § 1927 ARE
             APPROPRIATE...........................................................................19

CONCLUSION.........................................................................................................21

118915.4 11/17/2014

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abramov v. I.C. System*
    2014 U.S. Dist. LEXIS 146284 (E.D.N.Y. 2014)..................................................6

*Adebiyi v. City of New York*,
    2014 U.S. Dist. LEXIS 139474 (E.D.N.Y. 2014)................................................15

*Angamarca v. Pita Grill 7 Inc.*,
    2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. 2012)................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)..............................................................6, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................6, 7

*Benavidez v. Plaza Mexico*,
    2014 U.S. Dist. LEXIS 38627 (S.D.N.Y. 2012)................................................17

*Berrios v. Nicholas Zito Racing Stable, Inc.*,
    2012 U.S. Dist. LEXIS 43290 (E.D.N.Y. 2012)................................................15

*Boutros v. JTC Painting and Decorating*,
    2013 U.S. Dist. LEXIS 148323 (S.D.N.Y. 2013)...............................................11

*Carrasco v. West Village Ritz Corp.*,
    2012 WL 2814112 (S.D.N.Y. 2012)..................................................................15

*Cromwell v. NYC Health & Hosp. Corp.*,
    2013 U.S. Dist. LEXIS 69414 (S.D.N.Y. 2013)....................................10, 11, 12

*Decraene v. Neuhaus (U.S.A.), Inc.*,
    2005 U.S. Dist. LEXIS 10836 (S.D.N.Y. 2005)..................................................8

*Dejesus v. HF Mgmt. Servs. LLC*,
    726 F.3d 85 (2d Cir. 2013)..........................................................................11, 14

*Eschmann v. White Plains Crane Service*,
    2014 U.S. Dist. LEXIS 38580 (E.D.N.Y. 2014)................................................17

*" Flanagan v. North Shore Long Island Jewish Health System*,
    2014 U.S. Dist. LEXIS 139015 (E.D.N.Y. 2014)..............................................15

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)................................................................................7

ii

*Ho v. Sim Enterprises*
    2014 U.S. Dist. LEXIS 66408 ................................................................8

*in Nakahata v. New York-Presbyterian Health Sys. Inc.*,
    723 F.3d 192 (2d Cir. 2013)................................................................11

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007)................................................................6

*Li Ping Fu v. Pop Art Intern. Inc.*,
    2011 WL 4552436 (S.D.N.Y. 2011)................................................................15

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013)................................................................10, 11, 12

*Oram v. Soulcycle*,
    2013 WL 5797346 (S.D.N.Y. Oct. 28, 2013) ................................................................14

*Reyes v. City Univ. of N.Y.*,
    2007 WL 2186961 (S.D.N.Y. 2007)................................................................6

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008)................................................................6

*TZ Manor, LLC v. Daines*,
    2011 U.S. Dist. LEXIS 109597 (S.D.N.Y. 2011)................................................................7

*Velasquez v. Digital Page*,
    2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. 2014) ................................................................8

*Villa v. Tiano's Construction Corp.*,
    2012 U.S. Dist. LEXIS 127788 (E.D.N.Y. 2012)................................................................8

*Walz v. 44 & X*,
    2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. 2012) ................................................................11

*Yuquilema v. Manhattan's Hero Corp.*,
    2014 U.S. Dist. LEXIS 120422 (S.D.N.Y. 8-26-2014) ................................................................16

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §201 et seq. ................................................................ *passim*

New York Labor Law ................................................................1, 3, 4, 10, 11, 14, 15, 18

Portal-To-Portal Act, 29 U.S.C. § 255(a) ................................................................8

iii

**Other Authorities**

12 N.Y.C.R.R. § 146-1.6(d)................................................................................16

Rule 12(b)(6) of the Federal Rules of Civil Procedure.......................................1, 7, 14

118915.4 11/17/2014

## PRELIMINARY STATEMENT

Defendants Looks Great Services, Inc. and Kristian Todd Agoglia ("Defendants") submit this memorandum of law in support of their motion to dismiss the November 5, 2014 Amended Collective and Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In addition, fees and costs are sought pursuant to 28 U.S.C. § 1927.

Plaintiffs Renato Ayala, Blas Gutierez, Leonel Jimenez and Miguel Serrano ("Plaintiffs") allege that their employer, Looks Great Services, Inc. ("Looks Great") and its owner Kristian Agoglia failed to pay them overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  In addition to the federal claim under the FLSA, Plaintiffs assert state law claims under the New York Labor Law, including failure to pay overtime and failure to pay additional compensation on those dates that they worked more than ten (10) hours in one day, i.e., "spread of hours" claim.  Finally, Plaintiffs assert that they were not provided with written notices of their rate of pay in violation of New York Labor Law § 195(3).

The Defendants maintain that dismissal is warranted because:

1.  The Plaintiffs' claims under the FLSA are time barred as a matter of law.

2.  The Amended Complaint fails to adequately plead a violation of the FLSA or New York Labor Law.

3.  The spread of hours claims fail to state a claim under state law.

4.  The claims under the Wage Theft Prevention Act, i.e., the alleged failure to provide proper wage notices, fails to state a claim because the statute did not become effective until the employment of at least three (3) of the Plaintiffs had ended.

Moreover, if the federal claims are dismissed, this Court should not exercise jurisdiction over any remaining state law claims.  Sanctions pursuant to 28 U.S.C § 1927 are also sought as the Amended Complaint was filed despite the fact that in their prior motion to dismiss the initial complaint, Defendants specifically advised the Plaintiffs of the infirmities of their claims but Plaintiffs have nonetheless elected to pursue them.

118915.4 11/17/2014

## FACTS

**A.      Filing of Initial Complaint**

On or about October 15, 2014, the Plaintiffs filed their initial Complaint alleging violations of the FLSA and New York Labor Law.  According to the initial Complaint, all four (4) of the Plaintiffs are former employees of Defendant Looks Great Services.  Plaintiffs alleged:

* * * *

> 8. Plaintiff Ayala is a resident of the State of New York, County of Suffolk.  Ayala was employed by Defendants as a landscape/laborer from 2004 through 2011.

> 9. Plaintiff Gutierez is a resident of the State of New York, County of Suffolk.  Gutierez was employed by Defendants as a landscape/laborer from 2005 through approximately March 2011.

> 10. Plaintiff Jimenez is a resident of the State of New York, County of Suffolk.  Plaintiff Jimenez was employed by the Defendants as a landscaper/laborer from 2004 through approximately December 2010.

> 11. Plaintiff Serrano is a resident of the State of New York, County of Suffolk.  Plaintiff Serrano was employed by the Defendants as a landscaper/laborer from 2006 through approximately March 2011.

These allegations were repeated in paragraphs 35 - 38 of the initial Complaint.

In paragraph 49 of the initial Complaint, Plaintiffs vaguely alleged that they worked overtime in every week they worked but did not identify any specific week in which they actually worked more than forty hours.  Similarly, at no time did Plaintiffs allege how many overtime hours they actually worked in any one workweek.

In paragraph 44 of the initial Complaint, Plaintiffs alleged that they worked more than ten (10) hours every day and were entitled to receive spread of hours pay on those days but did not identify any particular day or week.

3

Finally, in paragraph 73 of the initial Complaint, Plaintiffs alleged that the Defendants failed to provide the Plaintiffs with wage statements in violation of New York Labor Law § 195(3).

**B.      Filing of Defendants' Motion to Dismiss the Complaint**

On November 3, 2014, Defendants moved to dismiss the initial Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants maintained that dismissal was warranted because:

1.      <u>All four</u> of the Plaintiffs' claims under the FLSA were time barred as a matter of law.

2.      The Complaint failed to adequately plead a violation of the FLSA or Labor Law.

3.      The spread of hours claims failed to state a claim under state law.

4.      The claims under the Wage Theft Prevention Act, i.e., the alleged failure to provide proper wage notices, failed to state a claim because the statute did not become effective until the employment of <u>all</u> of the Plaintiffs had ended.

**C.      Filing of Amended Complaint**

In response to Defendants' motion to dismiss the initial Complaint, on November 5, 2014 the Plaintiffs filed their Amended Complaint, which is now the subject of this motion.

The Amended Complaint is substantially similar to the initial Complaint.  The one major difference is that *one* of the Plaintiffs has conveniently changed the time period he allegedly worked for the Defendants.  Specifically in paragraph 8 of the Amended Complaint Plaintiff Ayala now alleges as follows:

> 8. Plaintiff Ayala is a resident of the State of New York, County of Suffolk.    Ayala   was   employed   by   Defendants   as   a landscape/laborer from <u>approximately</u> 2004 through ~~2011~~ <u>at least March 2012</u>.

4

(Underlined and strikeout text signify amendments).

Paragraphs 9-12 of the Amended Complaint are virtually identical to the initial Complaint.  They state as follows:

> 9. Plaintiff Gutierez is a resident of the State of New York, County of Suffolk.   Gutierez was employed by Defendants as a landscape/laborer from ~~2005 through~~ approximately 2005 through at least March 2011.
>
> 10. Plaintiff Jimenez is a resident of the State of New York, County of Suffolk.  Plaintiff Jimenez was employed by the Defendants as a landscaper/laborer from ~~2005 through~~ approximately 2004 through at least December 2010.
>
> 11. Plaintiff Serrano is a resident of the State of New York, County of Suffolk.  Plaintiff Serrano was employed by the Defendants as a landscaper/laborer from ~~2006 through~~ approximately 2006 through at least March 2011.

(Underlined and strikeout text signify amendments).   These allegations are repeated in paragraphs 40 - 43 of the Amended Complaint.

In the Amended Complaint, Plaintiffs allege, as in their initial Complaint, that they worked overtime in every week they worked for Defendants but do not identify any specific week in which they actually worked more than forty (40) hours.   Similarly, at no time do Plaintiffs allege how many overtime hours they actually worked in any one workweek.   The Amended Complaint states:

> 55.  Plaintiffs worked in excess of forty (40) hours a week during every week in which they were employed by Defendants.

* * * *

> 62.   Throughout   all   relevant   times   periods,   upon information and belief, and during the Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and

5

weekends such that they were required to work well in excess of forty (40) hours per week.

In paragraph 49 of the Amended Complaint, as the initial Complaint, Plaintiffs allege that they worked more than ten (10) hours every day and were entitled to receive spread of hours pay on those days but do not identify any particular day or week.

Finally, in paragraph 81 of the Amended Complaint, like the initial complaint, Plaintiffs allege that the Defendants failed to provide the Plaintiffs with wage statements in violation of New York Labor Law § 195(3).

In short, the Amended Complaint, is substantially the same as the initial Complaint.

## STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as amplified by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), sets forth the standard applicable for motions to dismiss. *See, e.g.*, *Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) (strictly applying *Twombly* standard in employment discrimination cases and affirming dismissal of retaliation claim on a 12(b)(6) motion); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007) (dismissing retaliation claim on a motion to dismiss in light of *Twombly* because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'").

"In considering a motion to dismiss. . . , the court is to accept as true all facts alleged in the complaint." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, under the *Twombly* standard, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Accord, Abramov v. I.C. System*, 2014 U.S. Dist. LEXIS 146284, *6 (E.D.N.Y. 2014) (Spatt).

118915.4 11/17/2014

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive . . . must be crossed to enter the realm of plausible liability." *Id.* at 555, 557 n. 5; *Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice."); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (same). "If a plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" *TZ Manor, LLC v. Daines*, 2011 U.S. Dist. LEXIS 109597, at *17 (S.D.N.Y. 2011) (alteration in original) *quoting Twombly*, 550 U.S. at 570.

Even accepting all of Plaintiffs' allegations as true, as set forth herein, the Amended Complaint must be dismissed.

118915.4 11/17/2014

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ARE TIME BARRED

The Portal-To-Portal Act provides that any suit to enforce a cause of action for unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a). *See also Velasquez v. Digital Page*, 2014 U.S. Dist. LEXIS 68538, *5 (E.D.N.Y. 2014) ("[t]he FLSA provides a two-year statute of limitations on actions to enforce its provisions unless the violation was willful, in which case the limitations period is three years") *citing* 29 U.S.C. § 255(a); *Ho v. Sim Enterprises* 2014 U.S. Dist. LEXIS 66408, *34-35; (S.D.N.Y. 2014) ("[i]n general, FLSA claims are subject to a two-year statute of limitations, except that a cause of action based on a willful violation may be commenced within three years of the violation"); *Villa v. Tiano's Constr. Corp.,* 2012 U.S. Dist. LEXIS 127788, *5 (E.D.N.Y. 2012) ("A FLSA action must be commenced within three years of willful violations, and two years of non-willful violations").  "A cause of action under the FLSA for 'unpaid overtime compensation' accrues 'when an employer fails to pay required compensation for any workweek at the regular payday for the period in which the workweek ends.'"  *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, *23 (S.D.N.Y. 2005) *quoting* 29 C.F.R. § 790.21(b).

8

Here, on the face of the Complaint, the claims of three (3) of the Plaintiffs are untimely. Plaintiffs Gutierez, Jimenez, and Serrano allege that they ceased working for the Defendants in 2010 or March 2011.  The initial Complaint, however, was not filed until October 15, 2014. Thus, as a matter of law, these claims are untimely and must be dismissed.

The sudden change in dates by Plaintiff Ayala, i.e., he now alleges in the Amended Complaint that he worked until 2012 as opposed to 2011, directly contradicts the allegations in the initial Complaint that he worked only until 2011.  "Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true." *Colliton v. Cravath, Swaine & Moore LLP*, 2008 U.S. Dist. LEXIS 74388, *19 (S.D.N.Y. 2008) *quoting Wallace v. New York City Dep't of Corr.*, 1996 WL 586797, *2 (E.D.N.Y. 1996); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192 (D.C. Cir. 2004) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint."); *Kilkenny v. Law Office of Cushner & Garvey, L.L.P.*, 2012 WL 1638326, *5 (S.D.N.Y. 2012) ("There is authority supporting the notion that a court may disregard amended pleadings when they directly contradict facts that have been alleged in prior pleadings."); *Williams v. Black Entm't TV*, 2014 U.S. Dist. LEXIS 19097, *17-18 (E.D.N.Y. 2014).  Thus, Plaintiff Ayala should not be able to change his facts "mid-stream."

In any case it is unclear why the FLSA claims of Plaintiffs Gutierez, Jimenez and Serrano are still being pursued despite the fact that these Plaintiffs and counsel were placed on notice earlier this month in Defendants' Memorandum of Law seeking dismissal of the initial

118915.4 11/17/2014

Complaint that these claims were time barred.  Despite being advised that they were untimely, Plaintiffs have nonetheless elected to pursue these claims.  Accordingly, under these circumstances the claims should not only be dismissed but Defendants should be awarded costs and fees associated with this motion.

## POINT II

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE FLSA OR LABOR LAW

The Amended Complaint, like the initial Complaint, also fails to assert a plausible claim under the FLSA and New York Labor Law.  As such, it must be dismissed.

As the Second Circuit recently explained, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013) *citing* 29 U.S.C. § 207(a)(1); *see Cromwell v. NYC Health & Hosp. Corp.*, 2013 U.S. Dist. LEXIS 69414, *8 (S.D.N.Y. 2013) ("to state a claim under the FLSA, a complaint must state more than vague legal conclusions.").  In *Lundy,* the Second Circuit held that the plaintiffs had failed to plead facts sufficient to support a plausible claim of a violation of the FLSA because they failed to allege "a single workweek" in which they worked time in excess of 40 hours without compensation.  711 F.3d at 114.  Rather, the plaintiffs there had alleged only that they "typically" worked a given number of hours, or "occasionally" worked an extra shift, or "approximately twice per month" worked a certain number of shifts.  The Second Circuit stated that such allegations "invited speculation [that] does not amount to a plausible claim under FLSA." *Id.* at 115.

Similarly, in *Cromwell, supra*, the court dismissed FLSA claims that it found were too speculative.

118915.4 11/17/2014

> The Amended Complaint does not . . . allege precisely when, or at what point during his 21 years of employment, [plaintiff] worked more than 40 hours . . . [and] the Amended Complaint does not point to any particular workweek within the limitations period during which [plaintiff] worked uncompensated time more than 40 hours.  The Amended Complaint thus is deficient for the same reason that the allegations as to [why the plaintiff] in Lundy failed to state a claim.  The estimates and approximations here invite the same sort of speculation that the Second Circuit held "does not amount to a plausible claim under FLSA."

*Cromwell,* 2013 U.S. Dist. LEXIS 69414 at *8 *citing Lundy,* 711 F.3d at 115; *see Walz v. 44 & X,* 2012 U.S. Dist. LEXIS 161382, *11 (S.D.N.Y. 2012) (finding that simply stating Plaintiffs were not paid for overtime work does not sufficiently allege a wage and hour violation); *Boutros v. JTC Painting and Decorating,* 2013 U.S. Dist. LEXIS 148323, *5 (S.D.N.Y. 2013) ("*[Lundy]* held that plaintiffs bringing a FLSA overtime claim must allege not merely that they typically worked unpaid overtime, but must specify at least one week in which they worked overtime hours but were not paid overtime").

*Lundy's* requirements were reaffirmed by the Second Circuit in *Nakahata v. New York-Presbyterian Health Sys. Inc.*, 723 F.3d 192 (2d Cir. 2013) where the plaintiffs alleged that they were not paid for work during meal breaks, training sessions and extra shift time, and thus worked unpaid overtime.  In affirming dismissal, the Second Circuit held that the hospital workers' complaint lacked the requisite "specificity" required under the law.  "To plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Id.* at 201.  Similarly, in *Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 88 (2d Cir. 2013), the Second Circuit upheld the dismissal of a claim under the FLSA and New York Labor Law because the complaint "did not plausibly allege that [Plaintiff] worked overtime without proper compensation."

11

Here, as in *Lundy* and *Cromwell*, the Plaintiffs have failed to articulate in their Amended Complaint any particular workweek in which they worked overtime. Indeed, despite submitting an 83-paragraph, 16-page Amended Complaint, there is not one specific week in which Plaintiffs allege they were not paid overtime. The Amended Complaint only states that:

> 55. Plaintiffs worked in excess of 40 (40) hours a week during every week in which they were employed by Defendants.

Similarly, in paragraph 62 of the Amended Complaint Plaintiffs merely state they worked "long days and weekends" in excess of forty (40) hours. Thus, all four (4) Plaintiffs worked overtime every week, *i.e.*, they never were on vacation, sick or absent for any reason in ten (10) years? This is hardly plausible and therefore fails to satisfy the requirements of *Lundy* and its progeny. Therefore, the claims must be dismissed as a matter of law.

Defendants raised this specific argument in their initial motion to dismiss the initial Complaint which similarly failed to identify specific weeks in which Plaintiffs had worked overtime. Plaintiffs have, for reasons that are not clear, chosen to ignore this pleading requirement in their Amended Complaint and continued to file papers that fail to meet the proper pleading standards as set forth by *Lundy* and its progeny. Indeed, as in *Dejesus, supra*, the Plaintiffs had an opportunity to amend the complaint to satisfy the pleading requirements but have apparently chosen not to do so. This requires dismissal. *See Dejesus, supra*, 726 F.3d at 90, n. 6.

In addition to the authorities cited above, two very recent cases support the view that the Amended Complaint fails to state a claim. Relying on the Second Circuit's trilogy of *Lundy, Nakahata* and *Dejesus*, the Ninth Circuit, in *Landers v. Quality Communications*, 2014 U.S. App. LEXIS 21440 (9th Cir. 2014), dismissed a claim by a plaintiff alleging he was denied overtime pay in violation of the FLSA. There, the plaintiff merely alleged that he worked more

12

than forty (40) hours and was willfully not paid overtime for those hours worked. The court held

that these allegations failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of

Civil Procedure and dismissed the complaint.

> We further agree with our sister circuits that, at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week. *See Pruell*, 678 F.3d at 13; *see also Lundy*, 711 F.3d at 114; Davis, 765 F.3d at 42–43. Applying that standard to the pleadings in this case, Landers failed to state a claim for unpaid minimum wages and overtime wages. The complaint did not allege facts showing that there was a specific week in which he was entitled to but denied minimum wages or overtime wages.
>
> * * * *
>
> Notably absent from the allegations in Landers's complaint, however, was any detail regarding a specific workweek when Landers worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages. Although plaintiffs in these types of cases cannot be expected to allege "with mathematical precision," the amount of overtime compensation owed by the employer, they should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. *Dejesus,* 726 F.3d at 90. Landers's allegations failed to provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Instead, as in *Nakahata*, Landers "merely alleged that [he was] not paid for overtime hours worked. . . ." Id. Although these allegations "raise the possibility" of undercompensation in violation of the FLSA, a possibility is not the same as plausibility. Id. Landers's comparable allegations fail to state a plausible claim under Rule 8. *See id.*

*Id.* at *17-18, 20-21.

Similarly, in *Holoway v. Stratasys*, 2014 U.S. App. LEXIS 21223 (8th Cir. 2014), the

court dismissed the plaintiff's FLSA claims because he failed to articulate with any specificity

his alleged claims of overtime. There, the plaintiff, like the Plaintiffs here, merely claimed that

118915.4 11/17/2014

he had worked approximately sixty (60) hours in each week he was employed by the defendant. The Court held that such a claim must be dismissed because it simply failed so to satisfy the plaintiff's evidentiary burden.

> Holaway has failed to meet even the relaxed evidentiary standard because he failed to put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked for Stratasys, let alone evidence of excess hours worked every week of his employment. Holaway has, instead, put forth contradictory and bare assertions of his overtime hours worked. At various times, Holaway has estimated his work hours as between forty-five and seventy hours a week, yet has failed to specifically account for the hours worked. In fact, Holaway failed to put forth any evidence regarding specific weeks where he worked beyond forty hours. Holaway has also failed to provide a meaningful explanation of how he arrived at his final estimate of sixty hours a week, every week, of his employment. Holaway provided only vague testimony and failed to reference specific days and hours worked. This failure includes a failure by Holaway to check his hours worked against any business records kept by Stratasys. In his calculations regarding his typical hours worked, Holaway also failed to take into account any paid holidays, any paid vacation, or any days he was on duty at home yet never was called out to install or service a printer.

*Id.* at *6-7.

Plaintiffs' failure to adequately plead an overtime violation (a second time) under the FLSA also requires dismissal of his New York State Labor Law claims as the same plausibility standard would apply here. *See, e.g., Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85 (2d Cir. 2013) (FLSA and NYLL claims dismissed in light of Plaintiff's failure to plead plausible claim); *Oram v. Soulcycle*, 2013 WL 5797346 (S.D.N.Y. 2013).

Finally, if the federal FLSA claims are dismissed, then this entire matter should be dismissed as well. "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or

14

summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Flanagan v. North Shore Long Island Jewish Health Sys.*, 2014 U.S. Dist. LEXIS 139015 *50 (E.D.N.Y. 2014) *quoting Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986). *See also Adebiyi v. City of New York*, 2014 U.S. Dist. LEXIS 139474, *20 (E.D.N.Y. 2014) ("[w]hen the federal claims are dismissed in an action with state law claims based on supplemental jurisdiction, the state claims should be dismissed as well") *citing* 28 U.S.C. § 1367(c)(3).

### POINT III

### THE AMENDED COMPLAINT FAILS TO PROPERLY PLEAD A SPREAD OF HOURS CLAIM UNDER THE LABOR LAW

Not only have Plaintiffs failed to properly plead a viable claim under the FLSA and New York Labor Law, but their spread of hours claims fare no better. The spread of hours regulation issued by the Department of Labor applies to individuals earning a minimum wage, not to individuals such as Plaintiffs who are compensated above minimum wage. *See Carrasco v. West Village Ritz Corp.,* 2012 WL 2814112, *4, n. 6 (S.D.N.Y. 2012) ("most courts in this Circuit have ruled that New York's spread of hours provision applies only to employees earning minimum wage"); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 2012 U.S. Dist. LEXIS 43290 at *43 (E.D.N.Y. 2012) (holding that limiting spread of hours pay to those employees who earned minimum wage was a correct interpretation of the law in the Second Circuit); *Li Ping Fu v. Pop Art Intern. Inc.*, 2011 WL 4552436, *6 (S.D.N.Y. 2011) ("most courts in this Circuit have ruled that New York's spread of hours provision applies only to employees earning minimum wage").

Indeed, until December 28, 2010 the spread of hours requirement only applied to employees earning the minimum wage. Beginning on December 28, 2010, the spread of hours requirement was extended to all employees, *i.e.*, not just those earning the minimum wage, but only to those individuals working in the hospitability industry. Employees earning more than the

118915.4 11/17/2014

minimum wage outside the hospitality industry are not covered by the spread of hours requirement. As one court has noted:

> Through the end of 2010, [the spread of hours] requirement only applied to employees paid at the New York minimum wage and did not "ensure additional compensation to employees whose wages sufficiently exceed that floor." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 118 (S.D. N.Y. 2012) (citations omitted).   The applicable regulation was amended, however, to extend eligibility effective January 1, 2011 for "spread of hours" pay to "all employees in restaurants . . . regardless of a given employee's regular rate of pay."   *Id.* at 119 (citing 12 N.Y.C.R.R. § 146-1.6(d)).

*Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, *11, n. 6 (S.D.N.Y. 8-26-2014).  Thus, the spread of hours requirement to pay an additional hour at minimum wage to all employees working more than ten (10) hours in one day is limited to employees in the hospitality industry. *See* 12 NYCRR § 146-1.6(d).

In *Angamarca v. Pita Grill 7 Inc*., 2012 U.S. Dist. LEXIS 108322  (S.D.N.Y. 2012), the Court summarized the law:

> Finally, under New York law, employees are also entitled to receive "spread of hours" compensation, equaling "an extra hour's pay at the regular minimum wage for each day they work more than ten hours." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 241-42 & n.4 (2d Cir. 2011) (citing 12 NYCRR § 137-1.7  [*17] and its replacement as of December 29, 2010, 12 NYCRR § 146-1.6, which both "require[] employers to pay employees an extra hour's pay at the minimum wage when their workday lasts longer than 10 hours"); *see also Flores v. Anjost Corp.*, No. 11 Civ. 1531 (CM), 284 F.R.D. 112, 2012 U.S. Dist. LEXIS 85171, 2012 WL 2339267, at *3 (S.D.N.Y. June 19, 2012) (noting that 12 NYCRR § 146-1.6(d) requires that all employees of hospitality industry, which includes restaurants and all-year hotels, receive spread of hours compensation regardless of given employee's regular rate of pay[,]" in contrast to 12 NYCRR § 142-2.4, which applies to miscellaneous industries and occupations, and which "'does not ensure additional compensation to employees whose wages sufficiently exceed'" minimum wage) (quotation omitted).

16

(emphasis added).  *See also Andryeyeva v. New York Health Care, Inc.*, 2014 N.Y. Misc. LEXIS 4093, *7, n. 4 (Sup. Ct. Kings Co. 2014) ("[t]he spread of hours pay regulation pursuant to 12 NYCRR §142.2-4 only requires employees to be paid for an additional hour at minimum wage when the employee works for more than ten hours in a day, so that the total wages paid are equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage (*see* 2010 DOL Opinion. . . . ").

Thus, the additional pay is not required outside the hospitality industry to those earning above the minimum wage.  Therefore, the spread of hours claim fails to state a claim.

## POINT IV

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE WAGE THEFT PREVENTION ACT

In paragraph 81 of the Amended Complaint, Plaintiffs allege:

> 81. Defendants failed to furnish with each wage payment a statement listing: i) the dates of work covered by that payment of wages; ii) name of employee; iii) name of employer; iv) address and phone number of employer; v) rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; vi) the regular hourly rate or rates of pay; vii) the overtime rate or rates of pay; viii) the number of regular hours worked, and the number of overtime hours worked; ix) gross wages; x) deductions; xi) allowances, if any, claimed as part of the minimum wage; and, xii) net wages, in violation of NYLL § 195(3).

The problem with this claim is that even if true, this requirement that employers provide employees with certain wage statements set forth in the Amended Complaint did not become effective until April 2011 — after Plaintiffs Gutierez, Jimenez and Serrano stopped working for the Defendants.  *See Eschmann v. White Plains Crane Service,* 2014 U.S. Dist. LEXIS 38580, * 37 (E.D.N.Y. 2014) (Wage Theft Prevention Act became effective April 9, 2011); *Benavidez v. Plaza Mexico,* 2014 U.S. Dist. LEXIS 38627, *24, n. 8 (S.D.N.Y. 2012) ("In April of 2011, the

17

New York Wage Theft Prevention Act (WTPA) became effective.") *See* McKinney's New York Labor Law § 195(3).  Thus, these Plaintiffs have commenced an action based on a statute that was not in existence while they were employed by Defendants!  All of this was pointed out to Plaintiffs in Defendants' first Memorandum of Law seeking dismissal of the complaint. Again, it is unclear why Plaintiffs have continued to pursue such a claim.  In any case, these claims must be dismissed as a matter of law.

**POINT V**

**PLAINTIFFS' COLLECTIVE AND CLASS
ALLEGATIONS ARE TIME BARRED**

In paragraphs 20 and 27 of the Amended Complaint, Plaintiffs allege that they seek to prosecute a collective action and a class action on behalf of themselves and others as far back as 2004. These claims are clearly untimely. As set forth above, *supra*, Point I, the statute of limitations for FLSA claims is two (2) years or three (3) years if the violations are deemed willful.  *See* Point I, *supra*.

"Under the New York Labor Law (NYLL), the statute of limitations is six years from the filing date of complaint." *See* NYLL Article 19 § 663(3); *Amash v. Home Depot*, 2014 U.S. Dist. LEXIS 133214, *3 n. 11 (N.D.N.Y. 2014) *citing Wade v. Woodland Commons, LLC*, 2012 WL 929839, at *6 (N.D.N.Y. 2012); *see also Winfield v. Citibank*, 843 F. Supp. 2d 397, 411 (S.D.N.Y. 2012) ("[u]nder New York law . . . unlike [under] the FLSA[, these] claims[] have a six-year statute of limitations."). Thus, it is unclear why Plaintiffs have filed a complaint that seeks a class action and collective action spanning more than ten (10) years.

Moreover, the fact that the named Plaintiffs in this case seek to represent others when their own claims are time barred, is in and of itself improper.  "Individual plaintiffs cannot overcome infirmities in their own case by claiming to represent a class of others." *David v.*

18

*Alphin*, 817 F. Supp. 2d 764, 783 n.2 (D.N.C. 2011)  *See Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3d Cir. 1985) (named plaintiffs were not adequate class representatives where their individual claims were barred by the statute of limitations); *Wenning v. Jim Walter Homes, Inc.*, 606 F.2d 784, 785 (7th Cir. 1979) ("The determination that plaintiff's claim was barred meant that plaintiff could not adequately represent the class. . . ." (*citing Koos v. First National Bank*, 496 F.2d 1162, 1164-65 (7th Cir. 1974)); *Anderson v. Bd. of Educ.*, 616 F. Supp. 2d 662, 669 (E.D. Ky. 2009) ("[E]ach named plaintiff must establish standing in his own right, and cannot rely on the alleged tolling of members of this putative class to toll his own limitations period.") (*citing Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002)); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek [] relief, they may not represent a class seeking that relief"); Thus, in light of the infirmities of the claims asserted by the Plaintiffs, they cannot possibly represent other employees of Defendants.

## POINT VI

### SANCTIONS UNDER 28 U.S.C. § 1927 ARE APPROPRIATE

28 U.S.C. § 1927 provides in part that  "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under § 1927 may be appropriate when actions by the attorney are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Banus v. Citigroup Global Markets, Inc.*, 757 F. Supp. 2d 394, 399 (S.D.N.Y. 2010) *quoting 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir.

118915.4 11/17/2014

2000) Moreover, a court may infer bad faith "from the clear lack of merit" of the attorney's claims. *Id.*

Here, Plaintiffs filed an initial Complaint containing claims that were clearly time barred, failed to satisfy the pleading requirements required by clear precedent, and asserted that Defendants had violated a law that had yet to become effective.  Defendants moved to dismiss these claims setting forth the clear reasons in their initial Memorandum of Law. Instead of withdrawing these obviously baseless claims Plaintiffs filed a slightly Amended Complaint that did not cure these defects, i.e. they continued to pursue stale and untenable claims despite being placed on clear notice of their infirmities. Accordingly, Defendants should be entitled to an award of costs and fees in accordance with this motion.

118915.4 11/17/2014

## CONCLUSION

For all of the foregoing reasons, the Amended Complaint should be dismissed in its entirety.   Defendants should be awarded all their costs and fees in responding to the initial Complaint and Amended Complaint and any other relief this Court deems appropriate.

Dated:        Garden City, New York
              November 18, 2014

_____
Mark N. Reinharz (MR 6201)
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
*Looks Great Services, Inc. and
Kristian Todd Agoglia*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320
mreinharz@bsk.com

21

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2014 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

John V. Golaszewski, Esq.
SCHILLER LAW GROUP, P.C.
130 West 42nd Street, Suite 1002
New York, NY 10036

_____/s_____
Mark N. Reinharz (MR6201)
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendants Look Great Services, Inc.*
 *and Kristian Todd Agoglia*
1010 Franklin Avenue, Suite 200
Garden City, New York  11530
(516) 267-6320; mreinharz@bsk.com