**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RENATO AYALA, BLAS GUTIEREZ,
LEONEL JIMENEZ and MIGUEL SERRANO,
individually and on behalf of all other employees
similarly situated,

                     Plaintiff,

        - against -

LOOKS GREAT SERVICES, INC., KRISTIAN
TODD AGOGLIA, and JOHN AND JANE
DOES # 1-10,

                  Defendants.

Case No.14-cv-6035 (ADS)(SIL)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

**SCHILLER LAW GROUP, P.C.**
John V. Golaszewski
130 West 42nd Street, Suite 1002
New York, NY 10036
Tel.: (212)768-8700

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ................................................................................................................................ 2

ARGUMENT ...................................................................................................................... 3

I.   Standard of Review ................................................................................................ 3

II.   Ayala Was Employed Until March  2012 ............................................................... 3

III.   Complaint States Valid FLSA and New York Labor Law Claims ........................ 5

IV.   Plaintiffs' Collective and Class Allegations are Not Time-Barred .................. ......9

V.   The Court Has Pendent Jurisdiction Over the New York Labor Law Claims ................. 11

VI.   Defendants' Wage Theft Prevention Act Argument
        Should be Rejected by the Court ............................................................................ ........14

CONCLUSION ................................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Cerbone v. ILGWU*
    768 F.2d 45 (2d Cir. 1985), ............................................................................... 10

*Achtman v. Kirby, McInerney & Squire, LLP*
    150 F. App'x 12 (2d Cir. 2005). ....................................................................... 11

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................ 3, 6

*Bell Atl. Corp v. Twombly*
    550 U.S. 544 (2007) ........................................................................................... 6

*Brock v. Superior Care, Inc.*
    840 F.2d 1054 (2d Cir. 1988) ............................................................................. 9

*Carnegie-Mellon Univ. v. Cohill*
    484 U.S. 343 (1988) ......................................................................................... 11

*Colliton v. Cravath, Swaine & Moore LLP,*
    2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008) ..................................................... 4

*Gustafson v. Bell Atlantic Corp*
    171 F.Supp.2d 311 (S.D.N.Y. 2001) ................................................................... 9

*Holoway v. Stratasys*
    2014 U.S. App. LEXIS 21223 (8th Cir. 2014) ..................................................... 9

*Iglesias-Mendoza v. La Belle Farm, Inc*
    239 F.R.D. 363 (E.D.N.Y. 2011). .................................................................. 9, 10

*Landers v. Quality Communications*
    2014 U.S. App. LEXIS 21440 (9th Cir. 2014) ................................................... 11

*Leon v. Pelleh Poultry Corp*
    No. 10-CV-4719, 2011 WL 4888861, at *3 (S.D.N.Y. Oct. 13, 2011) ................... 13

*Lundy v. Catholic Health Sys. Of Long Island, Inc.,*
    711 F.3d 106, 113-14 (2d Cir. 2012), ................................................................. 5

*Mariano v. Town of Orchard Park*
    2011 WL 5979261, at * 1 (W.D.N.Y. Nov. 27, 2011) .......................................... 6

*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170, 1174 (2d Cir. 1993) ............................................................................ 3

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*
  723 F.3d 192 (2d Cir. 2014), ..................................................................................... 8

*Oneida Indian Nation v. Madison Cnty.*
  665 F.3d 408, 437 (2d Cir. 2011) ............................................................................. 12

*Promisel v. First American Artificial Flowers*
  943 F.2d 251, 254 (2d Cir. 1991). ........................................................................... 12

*Sampson v. MediSys Health Network, Inc*
  No. 10-CV-1342, 2012 WL 3027838, at *7 (E.D.N.Y. July 24, 2012) .................... 13

*Shahriar v. Smith & Wollensky Rest. Grp., Inc*
  659 F.3d 234, 245 (2d Cir. 2011) ............................................................................. 12

*Villager Pond, Inc. v. Town of Darien*
  56 F.3d 375, 378 (2d Cir. 1995) ................................................................................. 3

*Weil v. Long Island Savings Bank, FSB*
  200 F.R.D. 164 (E.D.N.Y. 2001) ............................................................................. 10

*Wraga v. Marble Lite, Inc.*
  No. 05-CV-5038, 2006 WL 2994278, at *5-6 (E.D.N.Y. Aug. 22, 2006); ............. 13

## Statutes

Fair Labor Standards Act, 29 U.S.C. 201 et seq. ........................................... *passim*

New York Labor Law ....................................................................................... *passim*

Federal Rules of Civil Procedure 12(b)(6) ....................................................... 1,3,5,9

Plaintiffs Renato Ayala ("Ayala"), Blas Gutierez ("Gutierez"), Leonel Jimenez ("Jimenez") and Miguel Serrano ("Serrano") (collectively "Plaintiffs"), by and through their undersigned attorneys, submit this memorandum of law in opposition to the motion of defendants Looks Great Services, Inc., ("Looks Great") and Kristian Todd Agoglia ("Agoglia") (collectively "Defendants") to dismiss Plaintiffs' November 5, 2014 Amended Complaint ("Complaint")[1] pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs have brought this action under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.,* ("FLSA"), and various provisions of New York Labor Law ("NYLL"), asserting that over a nearly ten (10) period, Defendants employed a policy of systematically refusing to pay employees an overtime premium for hours worked in excess of forty (40) per week. As set forth in the Complaint, Plaintiffs have not only alleged that they each worked in excess of sixty (60) hours a week during each week they were employed by Defendants, but likewise that there is an entire class of former or current employees of Defendants who were subject to these same illegal policies.

In an effort to avoid both answering for these myriad and repeated statutory violations, and having a class certified, Defendants now move to dismiss the Complaint. They do so by improperly recasting Plaintiffs clear allegations, relying on cases which have absolutely no bearing on the instant matter, and implying that Plaintiffs have knowingly issued false allegations for the sole purpose of avoiding dismissal.

As set forth immediately below, such tactics get Defendants nowhere, and each of their tenuous arguments should be rejected by this Court out of hand. Plaintiffs have asserted valid

---

[1] Dkt. at 6.

claims under both the FLSA and NYLL, and as such should be afforded discovery in order to determine the depth and breadth of Defendants willful violations of these statutes.

## FACTS

Plaintiffs, on behalf of themselves and similarly situated employees and/or former employees of Defendants, bring this action under the FLSA and New York Labor Law on the grounds that they are entitled to, *inter alia*, unpaid wages for hours worked in excess of forty (40) hours per week for which they received no overtime premium pay. (Compl. ¶¶ 1-3).

Defendant Looks Great is a landscaping and tree removal business on Long Island, with a principal place of business in Huntington, New York.  Agoglia is the owner of Looks Great.  (*Id.* ¶¶ 12-16, 37).  Plaintiffs are former employees of Defendants, who were each employed as a landscaper/laborer with general duties including cutting down and performing maintenance on trees.  (*Id.* ¶¶ 40-43, 45-48).  Plaintiffs were employed by Defendants for anywhere between approximately five (5) years and approximately eight (8) years.[2]  Plaintiffs have alleged that they each worked more than ten (10) hours a day, Monday through Saturday, each week of their employment with Defendants. (*Id.* ¶ 49).

As such, as clearly set forth in the Complaint, for each week Plaintiffs were employed by Defendants, each of them worked far in excess of forty (40) hours a week. (Compl. ¶ 55). Despite this, and in violation of the FLSA and NYLL, Defendants willfully refused to pay Plaintiffs compensation for hours worked in excess of forty (40) hours, including specifically overtime compensation of one and one-half (1 ½) times Plaintiffs' regular hourly rate. (Compl. ¶ 56).

---

[2] As set forth in the Complaint, Ayala was employed from at least 2004 through March 2012 (Compl.¶ 40), Gutierez was employed by Defendants from at least 2005 through March 2011 (*id.* ¶ 41), Jimenez was employed by Defendants from at least 2004 through December 2010 (*id.* ¶ 42), and Serrano was employed by Defendants from at least 2006 through March 2011 (*id.* 43).

Moreover, Plaintiffs were never given a notice containing, *inter alia*, the rate or rates of pay and basis thereof. (*Id.* ¶ 44). It is also Plaintiff's contention that Defendants failed to maintain adequate time records memorializing the hours of Plaintiffs employment. (*Id.*, ¶ 63).

Plaintiffs allege that, when taken together, the above facts set forth a prima facie case of violation of the FLSA and NYLL.

## **ARGUMENT**

### I.    **Standard of Review**

It is well settled that on a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the plaintiff. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). The issue on a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ...." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotations and citations omitted). In order to survive a Rule 12(b)(6) motion a complaint must only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (internal quotations and citations omitted).

As set forth below, taking each of Plaintiffs allegations as true, denial of Defendants' motion is warranted.

### II.    **Ayala Was Employed by Defendants Until March 2012**

In Defendants' memorandum of law in support of their motion to dismiss (hereinafter, "Mov. Br."), they argue that Plaintiffs amended their complaint, and "conveniently" altered the termination date of Plaintiff Ayala's employment, for the sole purpose of surviving dismissal on

statute of limitations grounds. (Mov. Br. at 8-10). In light of this, Defendants claim that the Court is "authorized to accept the facts described in the original complaint as true,"[3] and thereby ignore Plaintiffs' allegation that Ayala was employed until March 2012. This line of argument should be rejected for a number of reasons.

First, though Defendants argue, without authority, that this change in a single date is somehow sanctionable,[4] they are quite careful to never once claim, argue or imply that Ayala did not in fact work until March 2012. This is no doubt because they are aware that Ayala did in fact work until March 2012, and they should be in possession of records to prove it.[5]

Second, in response to Defendants' motion, Ayala has submitted a declaration wherein he attests that he was in fact employed until March 2012. This comports with the allegations in the Amended Complaint, and is properly considered by the Court as this juncture of the proceedings.[6]

Third, attached to the Ayala Declaration are Defendants' time records, which clearly set forth that Ayala was employed by Looks Great at least through November 2011. The original complaint in this matter was filed on or about October 15, 2014; thus, even though Ayala was in fact employed until March 2012, these records constitute documentary evidence which leave no

---

[3] *Colliton v. Cravath, Swaine & Moore* LLP, 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), *quoted at* Mov. Br. at 9.

[4] Mov. Br. at 9-10.

[5] Indeed, in support of this argument Defendants could have easily submitted a declaration from a Looks Great employee with knowledge concerning the dates of Ayala's employment, but choose not to. Defendants' silence on this point is telling.

[6] *See* December 15, 2014 Declaration of plaintiff Renato Ayala ("Ayala Decl."), submitted herewith, at ¶2.

mistake that Ayala has alleged FLSA violations which occurred within three years of the date of the complaint, and thus fall squarely within the FLSA's statute of limitations.[7]

In light of the above, Defendants' assertion that this Court is "authorized" to ignore the allegations in the Amended Complaint is inapposite.  A misstatement was made in the original complaint, when it was brought to Plaintiffs' attention it was immediately changed, the allegations in the Amended Complaint that Ayala was employed through March 2012 is properly before the Court, and as such dismissal on this ground is not warranted.

**III.     Complaint States Valid FLSA and New York Labor Law Claims**

"Section 207(a)(1) of the FLSA requires that, 'for a workweek longer than forty hours', an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate of not less than one and one-half times the regular rate at which he is employed.'" *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 113-14 (2d Cir. 2012), *quoting* 29 U.S.C. § 207(a)(1).  In order to survive a motion to dismiss on an FLSA overtime allegation, Plaintiff must allege "sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy,* 711 F.3d at 114.

Pursuant to Rule 8 of the Rules of Civil Procedure, a "plausible" claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[7] The Second Circuit has made clear that in response to a motion to dismiss a court may rely on documents on which the complaint "relies heavily" or which are "integral" to the complaint. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002); *In re Thelen LLP,* 736 F.3d 213, 219 (2d Cir. 2013).  Plaintiffs relied heavily on the Ayala's time records in formulating their allegations that, *inter alia,* Defendants maintained a policy and practice of failing to pay employees overtime wages, and that there were common questions of law and fact warranting collective action treatment.  In light of the three-year statute of limitations under the FLSA, these time records and testimony make clear that Plaintiffs' claims were timely under the FLSA.  Accordingly, the Ayala declaration and accompanying payroll and time records should be properly considered on this motion. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42 (2d Cir. 1991) (documents in plaintiffs' possession and upon which they relied in bringing suit can be considered on a Rule 12(b) motion even when plaintiff does not attach them as complaint exhibits).

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing* Fed.R.Civ.P. 8(a)(2);

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to

raise a right to relief above the speculative level ... on the assumption that all the allegations in

the complaint are true (even if doubtful in fact). (Internal citation omitted)); *Mariano v. Town of

Orchard Park* , 2011 WL 5979261, at * 1 (W.D.N.Y. Nov. 27, 2011) "[f]ederal pleading

standards are generally not stringent: Rule 8 requires only a short and plaint statement of a

claim." (Citations omitted)).

> As set forth above, each of the Plaintiffs have claimed that they worked in excess of ten
(10) hours a day, from Monday through Saturday, each week they were employed by
Defendants. (Compl., ¶¶ 49-56).[8]  As such, on the face of their complaint, Plaintiffs have alleged
that they each worked in excess of sixty (60) hours each week of their employment with
Defendants, and are thus entitled to overtime premium pay.  They have also clearly alleged that,
though entitled to such overtime pay, at no point did they ever receive it. (Compl. ¶ 56).

> In addition, Plaintiffs have alleged that Defendants' failed to post those notices
concerning overtime and minimum wage requirements which are mandated under the FLSA and
NYLL, and have likewise violated the record keeping requirements of those statutes.  (Compl. ¶¶
44, 63).  As such, Plaintiffs have asserted prima facie violations of at least three (3) provisions of
the relevant statutes and at this juncture, and no more is required.

---

[8] Moreover, though not required to survive dismissal, the Ayala Declaration gives additional color to
Plaintiffs' allegations.  As Ayala makes clear in that Declaration, Plaintiffs generally started work each day at 7:00
a.m. and finished work at 6:00 p.m., making for an eleven (11) hour day. (Ayala Decl. ¶¶ 5-6).  Ayala also attests
that he worked on Sundays during the holiday months (¶ 7-8), references and provides specific time records which
demonstrate he worked between sixty (60) and seventy-five (75) hours per week in October and November 2011 (¶¶
12-14), and that he was never apprised of his FLSA or NYLL rights, either via posted notices, or in any other
manner (¶¶ 17-18).

Unable to overcome these clear allegations, Defendants in their moving brief seek to conveniently recast them, and compare the instant matter to cases that have no bearing whatsoever on the facts as alleged herein.

For instance, Defendants rely on the Second Circuit's decision in *Lundy, supra,* but the Court there specifically found that, even after amending the complaint four (4) times, plaintiffs nevertheless were unable to "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Lundy,* 711 F.3d at 114   Indeed, the Court there found that, taking the plaintiffs' allegations as true, the most they could allege was that the three (3) plaintiffs worked between 22.5 hours to 39.5 hours per week. *Lundy,* 711 F.3d at 114-15.[9]

In contrast, Plaintiffs here have sufficiently alleged not merely that they worked more than forty (40) hours during in one particular week, but that they worked in excess of *sixty (60) hours* during *every single week* they were employed by Defendants, but were never paid overtime.  Ayala's Declaration affirms that it was Defendants' practice to require such hours while not remitting overtime pay, and attaches the time records to prove it.  As such, *Lundy,* where no plaintiff ever worked more than 39.5 hours in a week, has no bearing here.

Similarly unavailing is *Cromwell v. NYC Health and Hosp. Corp.*, wherein, after noting that plaintiff alleged he worked only 37.5 hours per week, the Court held that dismissal was warranted because of the absence of any claim which "allege[d] precisely when, or at what point during his 21 years of employment, [plaintiff] worked more than 40 hours ...." 2013 WL

---

[9] Though the multiple complaints in *Lundy* averred generally that, on occasion, one or more of the plaintiffs worked an additional shift(s), there were no allegations as to any specific week in which any plaintiff worked more than forty (40) hours; as such, the Second Circuit held that the allegations of additional shifts "suppl[ied] nothing by low-octane fuel for speculation, not the plausible claim that is required," and affirmed dismissal. *Id.* at 115.  No such deficiencies exist in this case, as each of the Plaintiffs have alleged literally hundreds of weeks during which they worked at least sixty (60) hours a week.

2099252, at *5 (S.D.N.Y. May 15, 2013).   Again, no such pleading deficiencies exist in this matter.

In *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2014), also relied upon by Defendants, plaintiffs alleged that they were not compensated for work during meal breaks, training sessions and extra shifts, but *never once* alleged that these instances of extra work ever created a situation whereby they worked more than forty (40) hours of work in a single week.  As the Second Circuit noted, "[p]laintiffs have merely alleged that they were not paid for overtime hours worked ….  [H]owever, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for relief."  *See also, Dejesus v. HF Management Servs., LLC* , 726 F.3d 85, 88 (2d Cir. 2013) (noting that plaintiff provided even "less factual specificity than did the plaintiffs in *Lundy* or *Nakahata* …[and] did not estimate her hours in any or all weeks or provide any other factual context or content.").[10]

Because the Complaint here has sufficiently alleged that each Plaintiff worked at least sixty (60) hours a week, the pleading deficiencies in the cases cited by Defendants do not exist, those cases have no bearing in this matter, and this line of argument should be rejected by the Court.[11]

---

[10] Unable to cite any controlling authority which supports their position, Defendants cite two cases from from other jurisdictions (Mov. Br. at 12-14), but these cases are as equally irrelevant as the Second Circuit cases they cite.  In *Landers v. Quality Communications*, 2014 U.S. App. LEXIS 21440 (9th Cir. 2014) plaintiff alleged generally that defendants "implemented a *de facto* piecework no overtime" system, but neglected to ever assert that he ever worked in excess of forty (40) hours a week such that these rules ever caused him any loss.  As in *Lundy*, this was simply insufficient allegations for an FLSA overtime claim.  In *Holoway v. Stratasys*, 2014 U.S. App. LEXIS 21223 (8th Cir. 2014) the Court denied summary judgment because plaintiff "failed to meet even the relaxed evidentiary standard because he failed to put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked ….")  At this juncture of the proceedings, however, Plaintiffs have no evidentiary burden, and a case disposed of at summary judgment after evidence has been produced has no bearing.

Defendants will have ample opportunity to demonstrate to the Court why Plaintiffs' allegations are false.  They will likewise have an opportunity to answer their own question as to whether, during Plaintiffs' employment, "they never were on vacation, sick or absent for any reason ....?" (Mov. Br. at 12).[12]  However, their attempt to baselessly recast Plaintiffs' allegations, and insist that, the plain language of the Complaint notwithstanding, Plaintiffs have not alleged a single week wherein they worked in excess of forty (40) hours, should be afforded no deference by the Court.

As such, Defendants' motion should be rejected on these grounds as well.

## IV.   Plaintiffs' Collective and Class Allegations are Not Time Barred

The FLSA provides for a two-year statute of limitations, unless Plaintiff can demonstrate that the violations were "willful," in which case a three-year statute of limitations will apply.  29 U.S.C. § 255(a); *Gustafson v. Bell Atlantic Corp.*, 171 F.Supp.2d 311, 322 (S.D.N.Y. 2001) (citing same). *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (E.D.N.Y. 2011).  As the Second Circuit has held, "a violation is willful for purposes of the FLSA limitations provision if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988); *Gustafson, supra* (quoting same). [13]

---

[12] To the extent Defendants intend to argue that Plaintiffs were absent from work on certain days or during certain weeks and, thus, Plaintiffs' damages should be diminished accordingly, they will have the opportunity to present to the Court records which speak to these absences.   However, a motion under Rule 12 is not the appropriate juncture for such an argument or inquiry, and Defendants present no authority to the contrary.

[13] In their moving brief Defendants acknowledge that the statute of limitations under the FLSA is three (3) years when the violation is willful. *See* Mov. Br. at 8, *quoting Villa v. Tiano's Constr. Corp.*, 2012 U.S. Dist. LEXIS 12788, *5 (E.D.N.Y. 2012) ("A FLSA action must be commenced within three years of willful violations, and two years of non-willful violations.").

Where, as here, Plaintiffs allege that Defendants failed to post notices required under the FLSA, courts in this Circuit have held that "the failure to post the required notice equitably tolls the statute of limitations unless and until an employee has actual notice of his rights." *Baba v. Grand Central P'ship*, 2000 WL 1808971 (S.D.N.Y. Dec. 8, 2000); *Iglesias-Mendoza, supra*, 239 F.R.D. at 369 ("this court is inclined to follow *Baba* and to permit plaintiffs full discovery on the adequacy of notice and the applicability of the equitable tolling doctrine before deciding what the statute of limitations is."); *Moore v. Eagle Sanitation, Inc.* 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("appropriate and in the interest of judicial economy … to allow the Plaintiffs to obtain the relevant contact information going back for a six-year period even if some recipients of the notice will have claims that are time-barred under the FLSA." (Internal quotations and citations omitted)).

In light of this authority, Defendants argument that collective and class allegations are time barred at this juncture is simply wrong.  It is undisputed that a court may apply equitable tolling where a defendant "concealed from the plaintiff the existence of a cause of action," *Cerbone v. ILGWU*, 768 F.2d 45, 48 (2d Cir. 1985), and that failure to post required notices is evidence of this concealment.

Moreover, each named Plaintiff has claims for violation of the NYLL. Thus, even if this Court eventually determines that a portion of the FLSA claims are statutorily barred as to some Plaintiffs, this action can nevertheless be maintained by these Plaintiffs as there is no indication that they are not adequate class representatives.  *See, e.g., Weil v. Long Island Savings Bank, FSB*, 200 F.R.D. 164 (E.D.N.Y. 2001)  (rejecting argument that plaintiff whose claims were allegedly time-barred could not adequately represent class: "[e]ven assuming that the plaintiffs were required to make this showing [of entitlement to equitable tolling] at this stage of the

- 10 -

proceedings, this [statute of limitations] ground would not have merit: if the plaintiffs' claims were actually barred, they would still not have interests adverse to the interests of their class members.")

As such, Defendants' toothless argument that these plaintiffs class and collective claims are time-barred should likewise be rejected by this Court, and their motion should fail on these grounds as well.

## V.   The Court Has Pendent Jurisdiction Over the New York Labor Law Claims

Pursuant to 28 U.S.C. § 1367, this Court has discretion to assume jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.  In deciding whether to exercise supplemental jurisdiction, district courts must consider "the values of judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988); *see also Klein & Co. Futures Inc. v. Bd. of Trade,* 464 F.3d 255, 262 (2d Cir. 2006).

Here, even if a portion of Plaintiffs' FLSA claims are time barred, exercising supplemental jurisdiction over the NYLL claims falls squarely within this Circuit's established precedent.

First, as a matter of statutory construction, Plaintiffs' state law claims are so related to the FLSA claims that they form part of the same case or controversy.  Indeed, the FLSA and NYLL claims do not simply bear a factual relationship to one another, but rather arise out of "a common nucleus of operative facts" and "approximately the same set of events." *Achtman v. Kirby, McInerney & Squire, LLP*, 150 F. App'x 12, 14-15 (2d Cir. 2005).  Defendants have not even

- 11 -

alleged and certainly cannot establish that the FLSA and NYLL claims -- which are based on the same exact allegations -- claims could possibly differ in any material respect; as such, this Court may exercise jurisdiction over both sets of claims. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234, 245 (2d Cir. 2011) (exercising supplemental jurisdiction where the state and FLSA claims derived from "a common nucleus of operative facts since they ar[o]se out of the same compensation policies and practices.").

Second, exercising jurisdiction over Plaintiffs' state law claims is the "favored and normal course of action" insofar as it avoids the inefficiency of multiple lawsuits in multiple courts over the same challenged policies and practices. *Promisel v. First American Artificial Flowers,* 943 F.2d 251, 254 (2d Cir. 1991). Declining supplemental jurisdiction over the NYLL claims would neither further judicial economy nor be a productive use of the Court's resources, especially insofar as Plaintiff Ayala's state law claims, and those of other anticipated opt-in plaintiffs, will proceed before this Court. As such, it is an efficient and convenient exercise of this Court's supplemental jurisdiction over all other existing claims.[14]

Third, and as noted *supra*, even if the FLSA claims of some Plaintiffs are untimely on their face, these claims may be equitably tolled "as necessary to avoid inequitable circumstances." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 479 (S.D.N.Y. 2008).[15] Insofar as Courts do not determine whether equitable tolling applies at the pleading

---

[14] Though 28 U.S.C. § 1367(c) does provide the court with discretion to decline to exercise supplemental jurisdiction in certain circumstances, there is no principled reason to invoke that discretion at present. Plaintiff's state law claims do not substantially predominate over the federal claims at issue, nor do they raise a novel or complex issue of state law. Moreover, the FLSA and New York State Labor Law claims need not be established by different evidence, and the nexus between the state and federal claims is such that it would be advantageous for both Plaintiffs and Defendants that the claims be tried together in one judicial proceeding. Declining supplemental jurisdiction in such circumstances is especially inappropriate. *See Oneida Indian Nation v. Madison Cnty.*, 665 F.3d 408, 437 (2d Cir. 2011).

[15] Plaintiffs here were never provided notice containing: i) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ii) allowances, if any, claimed as part

stage, this Court's of jurisdiction over all of Plaintiffs claims is appropriate at this juncture. *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342, 2012 WL 3027838, at \*7 (E.D.N.Y. July 24, 2012) (declining to rule on equitable tolling at pleading stage and deferring decision until after discovery); *see also, Leon v. Pelleh Poultry Corp.*, No. 10-CV-4719, 2011 WL 4888861, at \*3 (S.D.N.Y. Oct. 13, 2011) (refusing to dismiss case at pleading stage because the plaintiffs' allegation that the defendant failed to advise them of their right to overtime was "a possible basis . . . for equitable tolling").

Finally, it is important to note that even in situations in which FLSA claims have been dismissed, courts in this district commonly exercise supplemental jurisdiction over state law labor claims. *See. e.g., Wraga v. Marble Lite, Inc.,* No. 05-CV-5038, 2006 WL 2994278, at \*5-6 (E.D.N.Y. Aug. 22, 2006); *Godlewska v. HDA,* No. 03-CV-3985, 2006 WL 1422410, \*9 (E.D.N.Y. May 18, 2006); *Chen v. Street Beat Sportswear, Inc.,* 2005 WL 774323 (E.D.N.Y. 2005) (exercising supplemental jurisdiction over four of the plaintiffs' New York Labor Law claims despite the fact that their FLSA claims were deemed time-barred). Indeed, the Second Circuit recently affirmed the district court's inherent power to exercise supplemental jurisdiction over pendent state law clams even following dismissal of the federal claims as time-barred. *See Kroshnyi v. U.S. Pack Courier Services, Inc.,* No. 11-CV-2789, 2014 U.S. App. LEXIS 21058 (2d Cir. 2014).

---

of the minimum wage; iii) the regular pay day designated by the employer in accordance with section one hundred ninety-one of Article nineteen; iv) the name of the employer; v) any "doing business as" names used by the employer; vi) the physical address of the employer's main office or principal place of business, and a mailing address if different; or, vii) the telephone number of the employer, and anything otherwise required by law. (Compl. ¶ 44). Without more, such glaringly deficient pay practices and otherwise suspect operating procedures did not provide Plaintiffs -- all of whom can indisputably be characterized as unsophisticated day laborers -- with the type of informed environment reasonably necessary to elicit questions concerning Defendants' pay practices.

As such, and in following with the precedent of this Circuit, in the event this Court deems a portion of Plaintiffs' FLSA claims time-barred, this Court should nevertheless exercise supplemental jurisdiction over Plaintiffs' NYLL claims.

## VI.    Defendants' Wage Theft Prevention Act Argument Should be Rejected by the Court

Finally, Defendants argue that Plaintiffs' claims pursuant to New York's Wage Theft Prevention Act, N.Y. LAB. LAW § 195 ("WTPA"), should be dismissed because the employment of Plaintiffs Gutierez, Jimenez and Serrano concluded prior to the statue's effective date. (Mov. Br. at 17-18).  But even if true, nowhere do Defendants cite to any authority which would support their position that outright dismissal of Plaintiffs' WTPA claim is warranted.

It is indisputable that a portion of Plaintiff Ayala's employment fell within the effective date of the WTPA, and as Plaintiffs allege, there are a number of anticipated opt-in plaintiffs who will also benefit from the statute's protections.  Accordingly, it would be improper to preclude relief to Ayala, and others, solely because a portion of Plaintiffs' claims fall outside the statute.

Insofar as Defendants cannot point to any credible authority that would warrant such a manifestly unjust result, their motion fails on this ground as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' motion to dismiss should be denied in its entirety.

To the extent this Court is inclined to grant any portion of Defendants' motion, Plaintiffs respectfully request leave, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to amend their Complaint in order to provide more detail concerning Defendants' violations of the

FLSA and NYLL.  As set forth on the Ayala Declaration, Plaintiffs are in possession of

substantial information concerning these violations, and though Plaintiffs maintain that such

detailed pleading goes beyond the requirements of Rule 8 of the Federal  Rules, Plaintiffs are of

course prepared to amend the Complaint and provide additional facts should the Court so

require.

Dated: New York, New York
      December 15, 2014

                                                     **SCHILLER LAW GROUP, P.C.**

                                              By:/s/ John V. Golaszewski
                                                John V. Golaszewski
                                                130 West 42nd Street, Suite 1002
                                                  New York, NY 10036
                                                  Tel.: (212)768-8700
                                                  Fax: (866)326-1548

                                                  *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2014 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rule on Electronic Service upon the following parties and participants:

Mark N. Reinharz (MR6201)
BOND, SCHOENECK & KING, PLLC
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320; mreinharz@bsk.com

*Attorneys for Defendants Look Great Services, Inc.and Kristian Todd Agoglia*

_____/s_____
John V. Golaszewski, Esq.
SCHILLER LAW GROUP, P.C.
130 West 42nd Street, Suite 1002
New York, NY 10036

*Attorneys for Plaintiffs*