UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

------------------------------------------------------------X
RENATO AYALA, BLAS GUTIEREZ, LEONEL
JIMENEZ and MIGUEL SERRANO, individually and
on behalf of all other employees similarly situated,

Plaintiffs,

**14 Civ. 6035(ADS) (SIL)**

- against -

LOOKS GREAT SERVICES, INC., KRISTIAN
TODD AGOGLIA, and JOHN AND JANE DOES # 1-
10,

Defendants.
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE
AMENDED COMPLAINT
SUBMITTED BY DEFENDANTS
LOOKS GREAT SERVICES, INC.
AND KRISTIAN TODD AGOGLIA**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ................................................................................................... 2

    POINT I  THE FLSA CLAIMS OF PLAINTIFFS GUTIEREZ,
    JIMENEZ, AND SERRANO ARE TIME BARRED............................. 2

    POINT II  THE AMENDED COMPLAINT FAILS TO STATE A
    CLAIM UNDER THE FLSA OR LABOR LAW .................................... 3

    POINT III  PLAINTIFFS' SPREAD OF HOURS CLAIMS SHOULD BE
    DEEMED ABANDONED...................................................................... 5

    POINT IV  THE AMENDED COMPLAINT FAILS TO STATE A
    CLAIM UNDER THE WAGE THEFT PREVENTION ACT................. 6

    POINT V  PLAINTIFFS' COLLECTIVE AND CLASS ALLEGATIONS
    ARE IMPROPER.................................................................................. 8

CONCLUSION............................................................................................... 10

120299.2 1/5/2015

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amash v. Home Depot,*
  2014 U.S. Dist. LEXIS 133214 (N.D.N.Y. 2014) ...................................................8

*Angamarca v. Pita Grill 7 Inc.*,
  2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. 2012) ...................................................6

*Boutros v. JTC Painting and Decorating,*
  2013 U.S. Dist. LEXIS 148323 (S.D.N.Y. 2013) ...................................................4

*Cao v. Wu Liang Ye Lexington Rest.,,.*
  2010 WL 4159391 (S.D.N.Y. 2010) ........................................................................3

*Cromwell v. NYC Health & Hosp. Corp.*,
  2013 U.S. Dist. LEXIS 69414 (S.D.N.Y. 2013) .....................................................4

*Dejesus v. HF Mgmt. Servs. LLC*,
  726 F.3d 85 (2d Cir. 2013) ................................................................................3, 5

*Great Rivers Coop. of S.E. Iowa v. Farmland Indus., Inc.*,
  120 F.3d 893 (8th Cir. 1997) ..................................................................................9

*Gunawan v. Sake Sushi Rest.*,
  897 F. Supp. 2d 76 (E.D.N.Y. 2012) .....................................................................2

*Hanig v. Yorktown Cent. Sch. Dist.*,
  384 F.Supp.2d 710 (S.D.N.Y. 2005) ......................................................................6

*Lipton v. Cnty of Orange,*
  N.Y., 315 F. Supp. 2d 434 (S.D.N.Y. 2004) .........................................................6

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013) .............................................................................3, 4

*McAnaney v. Astoria Fin. Corp.*,
  2007 U.S. Dist. LEXIS 67552 (E.D.N.Y. 2007) .................................................8, 9

*Nakahata v. New York-Presbyterian Health Sys. Inc.*,
  723 F.3d 192 (2d Cir. 2013) .............................................................................3, 4

*Novie v. Vill. of Montebello,*
  2012 U.S. Dist. LEXIS 115948 (S.D.N.Y. 2012) ...................................................5

*Oram v. Soulcycle,*
  2013 WL 5797346 (S.D.N.Y. 2013) .......................................................................5

ii

*Ramasamy v. Essar Global Ltd.*,
    2012 U.S. Dist. LEXIS 67734 (S.D.N.Y. 2012) ...................................................5

*Taylor v. Vt. Dep't of Educ.*,
    313 F.3d 768 (2d Cir. 2002) ....................................................................................1

*Thomas v. City of New York*,
    953 F. Supp. 2d 444, (E.D.N.Y. 2013 ...................................................................6

*Valez v. City of N.Y.*,
    2008 U.S. Dist. LEXIS 101709 (S.D.N.Y. 2008) ...................................................5

*Veltri v. Bldg. Serv. 32B — J Pension Fund*,
    393 F.3d 318 (2d Cir. 2004) ....................................................................................2

*Virtue v. Int'l Bhd. of Teamsters Retirement & Family Protection Plan (Virtue I)*,
    292 F.R.D. 8 (D. D.C. 2013) ...................................................................................9

*Wachtel v. Nat'l R.R. Passenger Corp.*,
    2012 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2012) ....................................................5

*Winfield v. Citibank*,
    843 F. Supp. 2d 397 (S.D.N.Y. 2012) .....................................................................8

*Yuquilema v. Manhattan's Hero Corp.*
    2014 U.S. Dist. LEXIS 120422 (S.D.N.Y. 2014) ..................................................7

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ......................................... *passim*

Labor Law §198(1-b) ....................................................................................................7

New York Labor Law. ...........................................................................................3, 5, 8

New York Labor Law .....................................................................................................8

New York Labor Law §195(3) ......................................................................................1

NYLL Article 19 § 663(3) .............................................................................................8

Wage Theft Prevention Act, Labor Law §195 ....................................................1,6,7 8

**Other Authorities**

Chapter 537 of the Laws of 2014:
    http://assembly.state.ny.us/leg/?default_fld=&bn=A08106&term=2013&Sum
    mary=Y&Actions=Y&Votes=Y&Memo=Y&Text=Y ............................................7

120299.2 1/5/2015

Rule 12(b)(6) of the Federal Rules of Civil Procedure.................................................................1, 5

http://assembly.state.ny.us/leg/?default_fld=&bn=A08106&term=2013&Summar
y=Y&Actions=Y&Votes=Y&Memo=Y&Text=Y ...................................................................2

http://www.nylaborandemploymentlawreport.com/wp-
content/uploads/sites/37/2014/12/Approval-30.pdf..........................................................8

iv

## PRELIMINARY STATEMENT

Defendants Looks Great Services, Inc. and Kristian Todd Agoglia ("Defendants") submit this reply memorandum of law in support of their motion to dismiss the November 5, 2014 Amended Collective and Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is undisputed that three (3) of the four (4) Plaintiffs, , Blas Gutierez, Leonel Jimenez and Miguel Serrano ("Plaintiffs") have claims that are more than three (3) years old and are therefore beyond the limitations periods set forth in the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). A belated claim of equitable tolling will not save these claims.

Likewise an affidavit submitted by Plaintiffs after they had two (2) chances to set forth a viable claim under the FLSA should not defeat the motion. It is well established that in reviewing a motion to dismiss, the court is "limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

Plaintiffs do not challenge Defendants' claim that their "spread of hours" claim is deficient. As a matter of law, these claims should be deemed abandoned.

Finally, claims under the Wage Theft Prevention Act, New York Labor Law §195(3), are pursued despite the fact that it is undisputed that the statute did not come into existence until April, 2011. Three (3) of the four (4) Plaintiffs (Blas Gutierez, Leonel Jimenez and Miguel Serrano) had stopped working for the Defendants prior to that date. Moreover, the one Plaintiff allegedly employed by the Defendants after April, 2011, Renato Ayala, does not have standing to

enforce the terms of the statute, as only the Department of Labor may bring claims seeking to enforce the statute's annual notice requirements.

Finally, On December 29, 2014 the annual notice requirements of the statute, i.e., providing annual statements to employees each year have been recently repealed. *See* Chapter 537 of the Laws of 2014:

http://assembly.state.ny.us/leg/?default_fld=&bn=A08106&term=2013&Summary=Y&Actions=Y&Votes=Y&Memo=Y&Text=Y

## ARGUMENT

### POINT I

### THE FLSA CLAIMS OF PLAINTIFFS GUTIEREZ, JIMENEZ, AND SERRANO ARE TIME BARRED

Plaintiffs cannot and do not dispute that three (3) of the four (4) Plaintiffs stopped working for the Defendants more than three (3) years prior to the filing of the October 15, 2014 initial complaint. *See* Pl. Mem at p. 3, n.2.

To avoid the obvious statute of limitations problem, Plaintiffs assert that the claims here are tolled because the Defendants allegedly failed to post notices required under the FLSA (Pl. Mem at p. 10). However, even if true, this alone would be insufficient to toll the limitations period. Equitable tolling remains an "extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B — J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). *See also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 82 (E.D.N.Y. 2012) ("the failure to provide an employee the notice required by the FLSA . . . is insufficiently

120299.2 1/5/2015

extraordinary [to justify the court's use of tolling] in the absence of 'some sort of deception.'" (*quoting Copantitla v. Fiskardo Estiatorio, Inc*., 788 F.Supp. 2d 253, 319 (S.D.N.Y. 2011)); *see also Cao v. Wu Liang Ye Lexington Rest.,*. 2010 WL 4159391, at *1 (S.D.N.Y. 2010) (an employer's mere failure to notify employees of overtime pay provisions does not warrant equitable tolling) (*citing Amendola v. Bristol-Myers Squibb Co*., 558 F. Supp. 2d 459, 479 (S.D.N.Y. 2008) ("[t]o hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime."). Nothing in the Amended Complaint cites to extraordinary conditions.  Thus, three (3) of the four (4) Plaintiffs' FLSA claims are untimely.

**POINT II**

**THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
UNDER THE FLSA OR LABOR LAW**

The Amended Complaint fails to assert a plausible claim under the FLSA and New York Labor Law.  As such, it must be dismissed.

Plaintiffs claim that the Second Circuit's decisions in *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013), *Nakahata v. New York-Presbyterian Health Sys. Inc.*, 723 F.3d 192 (2d Cir. 2013) and *Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 88 (2d Cir. 2013) are all distinguishable because in this case Plaintiffs alleged that they worked more than forty (40) hours every week. The Amended Complaint, however, does not identify any particular week in which plaintiff worked a set number of hours over forty (40). Rather, in vague conclusory fashion, Plaintiffs claims that every week was an overtime week. This is simply not enough.

3

Indeed in *Lundy, supra*, the Plaintiffs alleged that they typically worked more than forty (40) hours a week. This was held to be insufficient as a matter of law. Plaintiffs claim that they worked more than sixty (60) hours every week but this too is vague.  Under Plaintiffs' theory, the specific pleading requirements of *Lundy* would be avoided simply by pleading that that the Plaintiff worked more than forty (40) hours every week without specifying the number of hours or providing more concrete information.  Indeed, in its subsequent decision in *Nakahata, supra*, the Second Circuit noted that "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201.  Simply using the word "every" for each Plaintiff is not sufficient

Indeed, in *Boutros v. JTC Painting and Decorating,* 2013 U.S. Dist. LEXIS 148323, *5 (S.D.N.Y. 2013), the court dismissed a complaint that merely alleged that the Plaintiffs regularly worked more than forty (40) hours per week. The court, explaining as follows, held this was not specific enough.

> Plaintiffs' allegations in this case are akin to the vague, conclusory pleadings in *Lundy*.  Plaintiffs simply state that they "regularly" worked in excess of 40 hours per week but were paid only straight time wages for that work. FAC ¶¶ 19-20. That is all the detail that is provided— nowhere is there any reference to any particular week in which either plaintiff worked more than 40 hours. Plaintiffs' pleadings, therefore, lack sufficient particularity to state a plausible FLSA claim. *Lundy*, 711 F.3d at 114; *see Cromwell v. N.Y.C. Health & Hosps. Corp.*, No. 12 Civ. 4251 (PAE), 2013 WL 2099252, at *3-4 (S.D. N.Y. May 15, 2013).

*Id. See also Cromwell v. NYC Health & Hosp. Corp.*, 2013 U.S. Dist. LEXIS 69414, *8 (S.D.N.Y. 2013) ("to state a claim under the FLSA, a complaint must state more than vague legal conclusions.").  In short, despite being given two (2) chances to adequately plead violations of the FLSA, Plaintiffs have failed to do so.

120299.2 1/5/2015

Finally, Plaintiffs have submitted an affidavit of Reynato Ayala which provides additional detail on his alleged working conditions. However, the affidavit should not be considered because "it is improper for a court to consider declarations and affidavits on a motion to dismiss." *Novie v. Vill. of Montebello*, 2012 U.S. Dist. LEXIS 115948, * 26 (S.D.N.Y. 2012). *See also Ramasamy v. Essar Global Ltd.*,  2012 U.S. Dist. LEXIS 67734 (S.D.N.Y. 2012) ("sworn affidavit by plaintiff" is "material that could not ordinarily be considered on a Rule 12(b)(6) motion to dismiss"); *Wachtel v. Nat'l R.R. Passenger Corp.*, 2012 U.S. Dist. LEXIS 11566 (S.D.N.Y. 2012) (declining to consider plaintiff's affidavit attached to opposition to motion to dismiss because "the Court cannot consider affidavits in ruling on a motion to dismiss"); *Valez v. City of N.Y.*, 2008 U.S. Dist. LEXIS 101709, n.5 (S.D.N.Y. 2008)  (noting that it would be improper to consider plaintiff's affidavit on motion to dismiss). Moreover the affidavit contains documents indicating that "RAR Landscaping Services" was paid as opposed to Ayala thus raising more questions than answers.

Plaintiffs' failure to adequately plead an overtime violation (a second time) under the FLSA also requires dismissal of their New York State Labor Law claims as the same plausibility standard would apply here.  *See, e.g., Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85 (2d Cir. 2013) (FLSA and NYLL claims dismissed in light of Plaintiff's failure to plead plausible claim); *Oram v. Soulcycle*, 2013 WL 5797346 (S.D.N.Y. 2013).

## POINT III

### PLAINTIFFS'  SPREAD OF HOURS CLAIMS SHOULD BE DEEMED ABANDONED

Plaintiffs did not respond or in any way oppose this argument raised in Defendants' memorandum that the spread of hours regulations are inapplicable to Plaintiffs.  This regulation does not apply to Plaintiffs as they do not work in the hospitality industry and earn more than the

120299.2 1/5/2015

minimum wage. *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. 2012).

Because these issues were not addressed by Plaintiffs they should be deemed abandoned. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F.Supp.2d 710, 723 (S.D.N.Y. 2005) ("b]ecause [the] plaintiff did not address [the] defendant's motion to dismiss with regard to [a particular] claim, it [wa]s deemed abandoned and . . . dismissed."); *Thomas v. City of New York*, 953 F. Supp. 2d 444, n. 12 (E.D.N.Y. 2013), ("plaintiff has not opposed defendants' motion with regard to her substantive due process claim under section 1983 and that claim is therefore deemed abandoned") *citing Taylor v. City of New York*, 269 F. Supp. 2d 68 (E.D.N.Y. 2003). A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty of Orange*, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).

## POINT IV

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
### UNDER THE WAGE THEFT PREVENTION ACT

Plaintiffs cannot dispute that the Wage Theft Prevention Act did not become effective until April 2011 — after Plaintiffs Gutierez, Jimenez and Serrano stopped working for the Defendants. Plaintiffs nonetheless claim that the claims should proceed because Plaintiff Ayala was employed after April 2011. Such an argument is a clear misreading of the statute.

In the Amended Complaint Plaintiffs allege that Ayala was employed by Defendants for the period 2004 – 2012 (Amended Complaint ¶ 8). Assuming this to be the case, Ayala would have commenced his employment long before the Wage Theft Prevention Act became effective in April 2011. And even though he may now claim to have been employed by the Defendants after April, 2011 such a claim may only be enforced by a private right of action.

6

The first paragraph of NYLL § 198(1-b) accords an individual employee a private right of action to recover damages when the "employee is not provided within ten business days of his or her first day of employment a notice as required by [§ 195(1)(a)]." (emphasis added). The next paragraph gives *the Commissioner of Labor* the power to "bring any legal action necessary, including administrative action "[o]n behalf of any employee not provided a notice as required by [§ 195(1)(a)] of this article." NYLL § 198(1-b). These provisions have been interpreted as to provide a private right of action only for employees not receiving the *initial* notice.

> Oddly, the NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years. [Labor Law §198(1-b) There is no obviously discernible reason why this should be the case, since Section 195(1) speaks of the provision of the notice both at time of hiring and annually thereafter in equally obligatory terms. Nevertheless, as a consequence, none of the Plaintiffs here may recover under this provision of the NYLL — even though Defendants failed to provide the requisite annual notices in violation of Section 195(1) — as each commenced employment prior to April 9, 2011. "The plain language of the statute ... confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year." *Guan Ming Lin [v. Benihana]*, 2012 WL 7620734 [(S.D.N.Y. 2012)], at *7-8 (finding plaintiffs whose employment predated April 9, 2011 ineligible for recovery).

*Yuquilema v. Manhattan's Hero Corp.* 2014 U.S. Dist. LEXIS 120422, * 32 (S.D.N.Y. 2014). Thus, because Plaintiff Ayala began working for the Defendants long before April, 2011 he has no standing to bring any claim under the Wage Theft Prevention Act.

Finally, the annual notice requirements of the Wage Theft Prevention Act were recently repealed. On December 29, 2014 Governor Cuomo signed legislation eliminating the requirement that wage statements be provided each year. (The initial notices upon hire are still required by the statute). *See* Chapter 537 of the Laws of 2014:

7

http://assembly.state.ny.us/leg/?default_fld=&bn=A08106&term=2013&Summary=Y&Actions=Y&Votes=Y&Memo=Y&Text=Y,   http://www.nylaborandemploymentlawreport.com/wp-content/uploads/sites/37/2014/12/Approval-30.pdf   and   http://www.labor.ny.gov/workerprotection/laborstandards/employer/wage-theft-prevention-act.shtm

Thus  the claims under the Wage Theft Prevention Act, Labor Law §195, fail as a matter of law.

## POINT V

## PLAINTIFFS' COLLECTIVE AND CLASS ALLEGATIONS ARE IMPROPER

In paragraphs 20 and 27 of the Amended Complaint, Plaintiffs allege that they seek to prosecute a collective action and a class action on behalf of themselves and others as far back as 2004. These claims are clearly untimely. As previously noted and conceded by Plaintiffs  the statute of limitations for FLSA claims is two (2) years or three (3) years if the violations are deemed willful.

"Under the New York Labor Law (NYLL), the statute of limitations is six years from the filing date of complaint."  *See* NYLL Article 19 § 663(3); *Amash v. Home Depot*, 2014 U.S. Dist. LEXIS 133214, *3 n. 11 (N.D.N.Y. 2014) *citing Wade v. Woodland Commons, LLC*, 2012 WL 929839, at *6 (N.D.N.Y. 2012); *see also Winfield v. Citibank*, 843 F. Supp. 2d 397, 411 (S.D.N.Y. 2012) ("[u]nder New York law . . . unlike [under] the FLSA[, these] claims[] have a six-year statute of limitations.").

Moreover, the fact that the purported named Plaintiffs in this case seek to represent others when their own claims are time-barred is, in and of itself, improper.  Indeed, in *McAnaney v. Astoria Fin. Corp.*, 2007 U.S. Dist. LEXIS 67552 (E.D.N.Y. 2007), the court held that that

120299.2 1/5/2015

plaintiffs were not adequate class representatives because their claims against the defendants under the Truth in Lending Act were time-barred.

> The Court also finds that, because the named plaintiffs are included in the category of class members who can no longer assert their TILA claims, the named plaintiffs are inadequate representatives of the instant class. Specifically, it is clear that, because their TILA claims are time-barred, the named plaintiffs do not "possess the same interest" in litigating such claims as any remaining class members who seek to assert timely TILA claims. *See, e.g., East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977) ("As this Court has repeatedly held, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (internal quotation marks and citations omitted) (collecting cases); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594-95, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) (same).

*Id.* at *49. *See also Virtue v. Int'l Bhd. of Teamsters Retirement & Family Protection Plan (Virtue I)*, 292 F.R.D. 8 (D. D.C. 2013) ("Virtue was not an adequate class representative because his own claim was time-barred"); *Anderson v. Holy See,* 934 F. Supp. 2d 954, 961 (N.D. Ill. 2013) ("[w]ithout individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class.") *citing 7 A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed Prac. & Proc. Civ.* § 1761 (3d ed. 2012); *Great Rivers Coop. of S.E. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) ("[h]ere, [the class representative] is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class.").

Thus, in light of the infirmities of the claims asserted by the Plaintiffs, they cannot possibly represent other employees of Defendants.

120299.2 1/5/2015

## **CONCLUSION**

For all of the foregoing reasons, the Amended Complaint should be dismissed in its entirety. Defendants should be awarded all their costs and fees in responding to the initial Complaint and Amended Complaint and any other relief this Court deems appropriate.

Dated:       Garden City, New York
             January 5, 2015

Mark N. Reinharz (MR 6201)
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
Looks Great Services, Inc. and
Kristian Todd Agoglia
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320
mreinharz@bsk.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

John V. Golaszewski, Esq.
SCHILLER LAW GROUP, P.C.
130 West 42nd Street, Suite 1002
New York, NY 10036

Mark N. Reinharz (MR6201)
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendants Look Great Services, Inc.*
*and Kristian Todd Agoglia*
1010 Franklin Avenue, Suite 200
Garden City, New York  11530
(516) 267-6320; mreinharz@bsk.com