**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
RENATO AYALA, BLAS GUTIEREZ,
LEONEL JIMINEZ, and MIGUEL SERRANO,
individually and on behalf of all other employees       **MEMORANDUM OF**
similarly situated,                                      **DECISION & ORDER**
                             Plaintiff,                  14-CV-6035 (ADS) (SIL)


                    -against-


LOOKS GREAT SERVICES, INC., KRISTIAN
TODD AGOGLIA, and JOHN AND JANE
DOES # 1-10,
                             Defendants.
----------------------------------------------------------X

<u>**APPEARANCES:**</u>

**SCHILLER LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
130 West 42nd Street, Suite 1002
New York, NY 10036
        By: John V. Golaszewski, Esq., Of Counsel

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for the Defendants*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
        By: Mark N. Reinharz, Esq., Of Counsel

**SPATT, District Judge**.

        This cases arises from the allegation that the Defendant Looks Great Services, Inc.

("Looks Great"), a landscaping company, repeatedly failed to pay its workers overtime

compensation from 2004 to 2012.

        On October 15, 2014, the Plaintiffs Renato Ayala ("Ayala"), Blas Gutierez ("Gutierez"),

Leonel Jimenez ("Jimenez"), and Miguel Serrano ("Serrano") (collectively, the "Plaintiffs"),

individually and on behalf of all others similarly situated, commenced this action against the

1

Defendants Looks Great, Kristian Todd Agoglia ("Agoglia"), and John and Jane Does #1-10 (collectively, the "Defendants").

The Plaintiffs asserted three causes of action against the Defendants for: (1) violation of 29 U.S.C. § 201, *et seq.* (the "FLSA") for failure to compensate the Plaintiffs for overtime and failure to "keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment"; (2) violation of New York Labor Law § 650, *et seq.* (the "NYLL") for failure to pay overtime; and (3) violation of NYLL § 195 for the failure to furnish the Plaintiffs with a notice containing their rate of pay. In addition, the Plaintiffs sought to certify a collective action pursuant to FLSA § 216(b) and a class action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23 consisting of current and former employees of the Defendants.

On November 3, 2014, the Defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the original complaint.

In response, on November 5, 2014, the Plaintiffs filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1). The amended complaint alleges the same three causes of action.

Presently before the Court is a renewed motion by the Defendants pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint in its entirety. In addition, the Defendants seek sanctions against the Plaintiffs pursuant to 28 U.S.C. § 1927. The Plaintiffs oppose the motion by the Defendant and in the alternative, seek permission pursuant to Fed. R. Civ. P. 15(a)(2) to amend their complaint for a second time.

For the reasons set forth below, the Court grants the Defendants' motion to dismiss the amended complaint, denies their motion for sanctions, and grants the Plaintiffs leave to replead.

# I. BACKGROUND

Unless otherwise stated, the following facts are taken from the amended complaint and are construed in the light most favorable to the Plaintiffs.

The Plaintiffs Ayala, Gutierez, Jimenez, and Serrano are all residents of New York and former employees of the Defendants. They were employed by the Defendants as "landscape/laborer[s]" whose primary duties were "to cut down trees and/or perform maintenance on trees, as well as related duties."

The Court notes that the introduction and caption of the amended complaint refers to the Plaintiff Miguel "Serrano." However, the amended complaint also refers to him as "Serranois." For ease of reference, the Court will refer to him as "Serrano."

Allegedly, the Plaintiffs were employed by the Defendants during the following periods: (1) Ayala was employed by the Defendants from "approximately 2004 through at least March 2012"; (2) Gutierez was employed by the Defendants from "approximately 2005 through at least March 2011"; (3) Jimenez was employed by the Defendants from "approximately 2004 through at least December 2010"; and (4) Serrano was employed by the Defendants from "approximately 2006 through at least March 2011**."**

The original complaint alleged that Ayala was employed by the Defendant "from 2004 to 2011." (Compl. at ¶ 8.) In their memoranda, the Defendants allege that the Plaintiffs changed the end-date of Ayala's employment from 2011 to "March 2012" in the amended complaint solely to avoid the statute of limitations on the FLSA claims.

The Defendant Looks Great is a New York corporation with its principal place of business located in Huntington, New York. It is a landscaping company that "employed at least twenty (20) employees at any time."

The Defendant Agoglia is "an owner, shareholder, and manager" of Looks Great.  Her residency is not specified in the amended complaint.

The Defendants John and Jane Does # 1–10 are "owners, officers, shareholders, and/or managers of Looks Great."

According to the amended complaint, the Plaintiffs were never given a notice containing the following information:

> i) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ii) allowances, if any, claimed as part of the minimum wage; iii) the regular pay day designated by the employer in accordance with section one hundred ninety-one of Article nineteen; iv) the name of the employer; v) any 'doing business as' names used by the employer; vi) the physical address of the employer's main office or principal place of business, and a mailing address if different; or, vii) the telephone number of the employer, and anything otherwise required by law.

(Am. Compl. at ¶ 44.)

In addition, the amended complaint alleges that "[t]hroughout their employment by [the] Defendants, [the] Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek."  (Id. at ¶ 49.)

Allegedly, the "Defendants willfully refused to pay [the] Plaintiffs compensation for hours worked in excess of forty (40) hours per week."  (Id. at ¶ 56.)

The Plaintiffs seek to represent a proposed collective action pursuant to FLSA § 216(b) and a class action pursuant to Fed. R. Civ. P. 23 of "all persons who were employed by Defendants at any time since 2004 to the entry of judgment in this case . . .  who were non-exempt employees within the meaning of the New York Labor Law and have not been paid spread-of-hour pay and overtime wages in violation of the New York Labor Law[.]" (Id. at ¶¶ 20, 31.)

4

# II. DISCUSSION

## A. The Legal Standards

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court generally '"accept[s] all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (quoting Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003)). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In particular, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted); Luna v. N. Babylon Teacher's Org., 11 F. Supp. 3d 396, 401 (E.D.N.Y. Apr. 7, 2014) ("Conclusory allegations of legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.") (citing Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006)).

## B. As to the Plaintiffs' FLSA Claim

The Plaintiffs assert two claims under the FLSA against the Defendants: (i) a claim for failure to pay overtime and (ii) a claim for failure failure to "keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment."

The Defendants assert that the FLSA claims should be dismissed because: (1) the claims are time-barred; and (2) the claims are based on conclusory and speculative allegations. In turn, the Court will address each argument.

**1. As to Whether the Plaintiffs' Claims Are Time-Barred**

FLSA § 255(a) provides that a cause of action under the FLSA must be commenced "within two years after the cause of action accrue[s]" or if the "cause of action aris[es] out of a willful violation," "within three years after the cause of action accrue[s.]"

"The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered[.]" Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 198 (2d Cir. 2013) (quoting 29 C.F.R. § 790.21(b) (2012)).

"[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (quoting Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995)).

Here, the Plaintiffs allege that "[t]hroughout their employment by [the] Defendants, [the] Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek." (Id. at ¶ 49.)

Allegedly, the Plaintiffs were employed by the Defendants during the following periods: (1) Ayala was employed by the Defendants from "approximately 2004 through at least March 2012"; (2) Gutierez was employed by the Defendants from "approximately 2005 through at least March 2011"; (3) Jimenez was employed by the Defendants from "approximately 2004 through at least December 2010"; and (4) Serrano was employed by the Defendants from "approximately 2006 through at least March 2011."

As stated above, the Plaintiffs commenced the instant action on October 15, 2014. The Defendants assert that the claims by Guitierez, Jimenez, and Serrano are time-barred because they ended their employment more than two years prior to commencing this action. Further, they contend that the Plaintiffs have failed to allege anything other than conclusory allegations that the Defendants acted willfully. Therefore, the Defendants assert that the three year statute of limitations does not apply, and the Plaintiffs' claims are not timely. (The Defs.' Mem. of Law at 8–10.)

With respect to Ayala, the original complaint alleged that Ayala was employed by the Defendant "from 2004 to 2011." (Compl. at ¶ 8.) However, the amended complaint changed the end-date of his employment from 2011 to "March 2012." The Defendants assert that the Plaintiffs made this change solely to avoid the statute of limitations on Ayala's claim. Therefore, Defendants contend that the Court should disregard the amended complaint and instead rely on the dates alleged in the original complaint, 2004 to 2011, which do not fall within the two year statute of limitations. (The Defs.' Mem. of Law at 9.)

In response, the Plaintiffs assert that (1) they are entitled to equitable tolling because they allege that the Defendants failed to post notices required under the FLSA notifying them of their rights to sue; and (2) the Court should rely on the amended complaint because its allegation that Ayala ended her employment in March 2011 in the original complaint was an oversight, which it sought to correct by filing the amended complaint. (The Pls.' Opp'n Mem. of Law at 9–11; 12–13.)

As the Court finds that the Plaintiffs have plausibly alleged that they are entitled to equitable tolling, the Court need not reach Defendants' second argument.

"To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented [her] from filing [her] claim on time, and that [s]he acted with reasonable diligence throughout the period [s]he seeks to toll." Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (quoting Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013)).

"The FLSA . . . require[s] employers to post notices explaining wage and hour requirements." Upadhyay v. Sethi, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012); see also 29 C.F.R. 516.4 ("Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.")

District courts have held that "[t]he failure to provide an employee the notice required by the FLSA 'may be a sufficient basis for tolling,' but only if that failure contributed to the employee's unawareness of his rights." Guaman v. Krill Contracting, Inc., No. 14-CV-4242 FB (RER), 2015 WL 3620364, at *6 (E.D.N.Y. June 9, 2015) (quoting Lanzetta v. Florio's Enters., Inc., 763 F.Supp.2d 615, 622 (S .D.N.Y. 2011)).

Where, as here, a plaintiff-employee alleges that a defendant-employer failed to post adequate notice of his or her rights to overtime wages as required by the FLSA, some courts have found that allegation, without more, to be insufficient to justify equitable tolling. Shu Qin Xu v. Wai Mei Ho, No. 13-CV-323 WFK RML, 2015 WL 3767185, at *4 (E.D.N.Y. June 16, 2015) ("[The] [p]laintiff's sole basis for equitable tolling is [the] [d]efendants' failure to post notices or provide [the] [p]laintiff with statements of hours worked and wages earned . . . . This is [an] insufficient basis for equitable tolling, as it would provide for equitable tolling whenever a

defendant violated FLSA and NYLL by failing to post notices or provide statements of hours and wages."); Guaman v. Krill Contracting, Inc., No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *6 (E.D.N.Y. June 9, 2015) (holding that "[the] [p]laintiff is not entitled to equitable tolling of the statute of limitations under the FLSA and NYLL" based solely on the failure to post required notices).

However, at the motion to dismiss stage, the majority of courts in this Circuit have declined to decide the equitable tolling issue. That is because in order to resolve the question, a court must determine whether an employer's alleged failure to provide proper notice to employees under the FLSA contributed to their "unawareness of their rights," which is a factual question not ripe for determination at the motion to dismiss stage. See, e.g., Zhongwei Zhou v. Wu, No. 14-CV-1775 (RJS), 2015 WL 925962, at *4 (S.D.N.Y. Mar. 3, 2015) ("The [c]ourt finds that this question of equitable tolling is a highly factual issue that cannot be resolved on the pleadings at this stage of the proceedings."); Lama v. Malik, 58 F. Supp. 3d 226, 235 (E.D.N.Y. 2014) ("Whether tolling applies depends on what and when the [the] [p]laintiff knew or should have known, and whether 'exceptional circumstances' or fraud by the [d]efendants prevented her [from] learning her rights. Since this is a motion to dismiss where the [c]ourt is bound to the pleadings, there is an inadequate factual record to determine whether equitable tolling is warranted here."); Upadhyay v. Sethi, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012) ("The resolution of this issue is thus heavily dependent on the facts of the case and cannot be decided on a motion to dismiss."); Statler v. Dell, Inc., 775 F. Supp. 2d 474, 483 (E.D.N.Y. 2011) ("Discovery will uncover facts regarding Dell's conduct, as well as those that may ultimately support the conclusion that [the] [p]laintiff possessed more than enough information to commence a timely lawsuit. Such a conclusion cannot be reached, however, only upon

consideration of the pleadings and other documents before the court on this motion . . . . The court therefore denies the motion to dismiss the warranty claims at this time. Such claims may or may not be saved by equitable tolling; it is simply too early to tell.").

Here, the amended complaint alleges that the Defendants failed to provide its employees with notice "explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL."  (Am. Compl. at ¶ 12.)  This allegation is vague and borders on being conclusory. However, construing this allegation as true, particularly at this early stage of the litigation, the Court finds that it is plausible to conclude that the only way that the Plaintiffs could have become aware of their rights to overtime compensation was through the required posted notices. Without being aware of their rights to overtime compensation, the Court finds that the Plaintiffs' equitable estoppel affirmative defense to be plausible and declines at this time to find the Plaintiffs' FLSA claims to be time-barred.

**2. As to Whether the Plaintiffs' FLSA Claims Fail as a Matter of Law**

 As noted above, the Plaintiffs assert two FLSA claims against the Defendants: (a) a claim for failure to "keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment"; and (b) a claim for failure to pay overtime.

The Defendants assert that both claims fail as a matter of law. The Court will address the adequacy of the pleadings with respect to each claim.

**a. The Alleged Failure to Keep and Preserve Records**

The amended complaint alleges that the Defendants violated 29 U.S.C. §§ 211 and 215 by failing to furnish to its employees or preserve records "sufficient to determine the wages,

hours, and other conditions and practices of employment." (Am. Compl. at ¶ 71.) This Court

finds that this claim fails as a matter of law.

FLSA § 211(c) states:

> Every employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

29 U.S.C.A. § 211 (West).

FLSA § 215 makes it "unlawful" to violate the record keeping provision set forth in

FLSA § 211(c).

Though a violation is "unlawful," courts have repeatedly found that the FLSA does not

authorize employees to bring a private action against an employer for failure to abide by the

record-keeping requirements of Section 211(c). Rather, that authority is vested exclusively with

the Secretary of Labor. See, e.g., Elwell v. Univ. Hospitals Home Care Servs., 276 F.3d 832,

843 (6th Cir. 2002) ("Under 29 U.S.C. § 216(b), an employee may bring a private action against

an employer for unpaid overtime or minimum wages. This provision does not authorize

employee suits for violations of the FLSA's recordkeeping requirements. Authority to enforce

the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor."); Mariano v.

Town of Orchard Park, No. 09-CV-916S, 2011 WL 5979261, at *3 (W.D.N.Y. Nov. 27, 2011)

("Orchard Park argues that there is no private right of action for such a violation. This [c]ourt

agrees: Mariano cannot assert a stand-alone cause of action for a record keeping violation.");

Cunningham v. Elec. Data Sys. Corp., 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008) ("[The]

[d]efendant is correct that there is no private right of action to enforce these provisions . . . .

Therefore, to the extent [the] [p]laintiffs' complaint purports to assert a claim under the FLSA's record-keeping provisions, [the] [d]efendant's motion to dismiss this claim is granted.")

Accordingly, to the extent that the amended complaint asserts a claim under the FLSA's record-keeping provisions, the Court grants the Defendants' motion to dismiss with respect to that claim.

### b. The Alleged Failure to Pay Overtime

The Plaintiffs also assert that the Defendants violated FLSA § 207 by failing to pay them overtime.

FLSA § 207 "mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a) (2006)).

In Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013), the Second Circuit addressed the "degree of specificity needed to state an overtime claim under FLSA." The court noted that prior to its decision, "[f]ederal courts have diverged somewhat on the question." Id. In that regard, it noted that some courts within the Second Circuit "have required an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." Id. (collecting cases). While others "have done without an estimate of overtime, and deemed sufficient an allegation that plaintiff worked some amount in excess of 40 hours without compensation." Id.

The Second Circuit in Lundy concluded "that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. It further noted that "[d]etermining whether

a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. Although it did not specifically require a plaintiff to plead an approximation of the number of hours worked, it did find that "an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility." Id. at 114, n. 7.

Applying this standard, the Second Circuit in Lundy affirmed the decision by the district court granting the defendant-employer's Rule 12(b)(6) motion to dismiss the plaintiffs' overtime claims. Id. at 115. The court reasoned that although the employees had approximated the hours typically worked, the hours as alleged did not add up to more than forty hours in any particular week, and thus, failed to allege a plausible overtime claim under the FLSA. Id.

In Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013) cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014), the Second Circuit, in a case similar to the present case, provided further guidance on the specificity required to plead an adequate FLSA overtime claim. In that case, the plaintiff was employed by the defendant, a hospital administrator-company. Id. at 86. The plaintiff alleged that "she worked more than forty hours per week during 'some or all weeks' of her employment and, in violation of the FLSA, through April 2011 was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours." Id.

The Second Circuit in Dejesus, relying on Lundy, affirmed the decision by the district court dismissing the plaintiff's overtime claims. The court noted that plaintiff did "not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." Id. at 89. The court further reasoned:

> Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, . . . , was not an invitation to provide an all-purpose pleading

template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.' . . . While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

Id. at 90.

The court in Lundy found that the plaintiff's allegation that in "'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation'" to be insufficient to make the plaintiff's overtime claim plausible, and affirmed the dismissal of that claim.

In Dejesus, the Second Circuit cited with approval the case of Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012). There, the plaintiff-employees alleged that they "'regularly worked' over 40 hours a week and were not compensated for such time." Id. at 12. The court described the statement as "one of those borderline phrases," which "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Id. at 13. The court concluded that "standing alone, the quoted language is little more than a paraphrase of the statute." Id. Accordingly, the court found the complaint inadequate and affirmed the district court's dismissal of it. Id. at 15.

Here, the amended complaint alleges that "[t]hroughout [the Plaintiffs'] employment by [the] Defendants, [the] Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek." (Id. at ¶ 49.) It further alleges that the "Defendants willfully refused to pay [the] Plaintiffs compensation for hours worked in excess of forty (40) hours per week." (Id. at ¶ 56.)

The amended complaint, like the amended complaint in <u>Dejesus</u>, does not estimate the number of overtime hours the Plaintiffs worked in any of or all the weeks they were employed. The amended complaint in this case, like the complaint in <u>Dejesus</u>, "track[s] the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." <u>Dejesus</u>, 726 F.3d at 89; <u>see also</u> Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012) ("The key statement—'regularly worked hours over 40 in a week and were not compensated for such time'—is one of those borderline phrases . . . . Standing alone, the quoted language is little more than a paraphrase of the statute.")

Although the Court is aware that the Plaintiffs may not possess the complete documentary records regarding the hours that they worked, the Plaintiffs are required to provide more content and context to their allegations to make their overtime claim plausible. <u>Dejesus</u>, 726 F.3d at 89 ("While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.").

Accordingly, the Court finds that the amended complaint lacks the requisite specificity required under <u>Lundy</u> and <u>Dejesus</u> to state a plausible overtime claim under FLSA § 207. However, as explained below, the Court grants the Plaintiffs leave to re-plead their overtime claims. For their overtime claim to be plausible, the Plaintiffs must plead more factual context and content, such as the Plaintiffs' general rate of pay, the type of work and tasks they performed while working, whether all of those tasks were compensable, and a general estimate of the hours

they worked and were not compensated for. See Pruell, 678 F.3d at 14 ("Yet even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times.");

The Court is not persuaded by the arguments offered by the Plaintiffs in opposition to the Defendants' motion. First, they rely on a declaration by the Plaintiff Ayala stating that she was obligated to work 10 hours a day, six days a week, and was not compensated beyond her set hourly rate. This declaration was not referenced in, nor attached to the amended complaint. Rather, the Plaintiffs attached it for the first time to their memorandum in opposition to the defendants' motion to dismiss.

It is procedurally improper for the Court to consider a declaration not referred to in a complaint, which is filed solely for the purpose of refuting arguments made in a defendant's brief. That is because considering such declarations requires factual and credibility determinations that are clearly improper on a motion to dismiss. See, e.g., Azeez v. Ramaiah, No. 14 CIV. 5623 (PAE), 2015 WL 1637871, at *2 (S.D.N.Y. Apr. 9, 2015) ("The affidavits and records presented here, however, pertain to the merits of Azeez's claims, not to a jurisdictional fact. The Court therefore declines to consider them in evaluating the viability of Azeez's claims."); Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd., No. 11-CV-5802, 2014 WL 4175914, at *4 (E.D.N.Y. Aug. 20, 2014) )("Here, [the] [p]laintiff's reliance on the extraneous materials is procedurally improper. [The] [p]laintiff did not refer to any affidavits nor incorporate them into her amended complaint. Only in opposition to [the] [d]efendants' motion did [the] [p]laintiff, for the first time, include these documents. The [c]ourt, therefore, declines to consider the material contained in [p]laintiff's affidavits and in the thinly disguised and procedurally improper sur-replies."); Johnson v. Levy, 812 F. Supp. 2d 167, 176 (E.D.N.Y.

2011) (Spatt, J) ("There is no basis for the Court to consider the affidavits of Jay Levy, Diane Levy, and Sue Campbell, the 51 Smith Street L.L.C. Operating Agreement, or the Johnsons' Credit Report, which are attached solely for the purpose of refuting the facts alleged in the complaint and would require credibility assessments and weighing of the evidence, which is not appropriate on a motion to dismiss.").

Accordingly, the Court declines to consider the declaration filed by Ayala, as well as the documents attached to it.

Next, the Plaintiffs appear to argue that the Court should deny the Defendants' motion because there are other potential plaintiffs in the proposed collective and class action who may have valid claims.

This argument is clearly without merit. There are no class members in this case because the Court has not certified a collective action pursuant to FLSA § 216(b) or a class action pursuant to Fed. R. Civ. P. 23(b). Further, a class action under Rule 23 or a collective action under FLSA § 216(b) cannot be certified without named class representatives who have valid claims. See Pruell, 678 F.3d at 14 ("Class actions are useful to remedy widespread wrongs, but such lawsuits still require at the outset a viable named plaintiff with a plausible claim."). Here, the Court has already determined that the named Plaintiffs do not have valid claims. Thus, the Court cannot, as the Plaintiffs appear to contend, look to the allegations by members of a proposed class in assessing the validity of the named Plaintiffs' claims for purposes of the present motion.

Based on the foregoing reasons, the Court grants the Defendants' motion to dismiss. However, as stated below, the Court grants the Plaintiffs leave to re-plead their FLSA overtime claims.

**B. As to the Plaintiffs' Remaining State Law Claims**

The Plaintiffs assert three additional claims under the NYLL: (1) a claim for failure to

pay overtime pursuant to NYLL § 663 and Section 142-2.2 of Title 12 of the New York

Compilation of Codes Rules & Regulations ("NYCCR"); (2) a claim for failure to pay "spread of

hours wages" under NYCCR § 142–2.4, a provision that allows a plaintiff to recover an extra

hour's worth of pay at the minimum wage for each day that an employee works in excess of ten

hours; and (3) a claim for failure to receive notice of their wages pursuant to NYLL § 195(1).

The Defendants urge the Court to decline supplemental jurisdiction over the Plaintiffs'

state law claims because the Plaintiffs fail to state any valid federal claims. The Court agrees.

28 U.S.C. 1367(a) states "the district courts shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution."

Section 1367(c) states that "district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if"—

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) <u>the district court has dismissed all claims over which it has original jurisdiction</u>, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367 (emphasis added).

Courts in this Circuit have, in their discretion, repeatedly declined to exercise

supplemental jurisdiction over state law claims where, as here, the court has dismissed all of the

plaintiff's federal claims. <u>See, e.g.</u>, <u>Klein & Co. Futures v. Bd. of Trade of City of New York</u>,

464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); Sadallah v. City of Utica, 383 F.3d 34, 40 (2d Cir. 2004) (Sotomayor, J) ("Section 1367 provides federal judges with both the power to exercise supplemental jurisdiction and the discretion, in specified circumstances, to decline to exercise such jurisdiction. Nevertheless, because plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court."); Walker v. The Interfaith Nutrition Network, Inc., No. 14 CV 5419 (DRH) (GRB), 2015 WL 4276174, at *5 (E.D.N.Y. July 14, 2015) ("Having dismissed [the] [p]laintiffs' FLSA claims, there is no longer any independent basis for federal jurisdiction in this action.").

As noted, the Plaintiffs' FLSA claims are dismissed, thereby eliminating all of the Plaintiffs' federal claims. Therefore, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims at this time. However, as stated below, the Court grants the Plaintiffs leave to file a second amended complaint, and therefore, grants the Defendants' motion to dismiss the state law claims without prejudice.

## C. As to the Requests for Leave to Re-plead and Sanctions

In the alternative, the Plaintiffs request leave to file a second amended complaint to "provide more detail concerning [the] Defendants' violations of the FLSA and NYLL." (The Pls.' Opp'n Mem. of Law at 14–15.)

The Defendants assert that the Plaintiffs should not be granted leave to re-plead and should instead be sanctioned pursuant to 28 U.S.C. § 1927. In support, the Defendants note that on November 3, 2014, the Defendants filed their first motion pursuant to Fed. R. 12(b)(6) to dismiss the complaint on the grounds that the Plaintiffs' federal law claims were time-barred and

failed to state a claim under the FLSA or NYLL. Subsequently, on November 5, 2014, as a matter of course, the Plaintiffs filed an amended complaint. The Defendants contend that the amended complaint failed to correct the deficiencies in the original complaint that the Defendants pointed out in their first motion to dismiss. Therefore, they contend that sanctions are warranted, and the Plaintiffs should not be entitled to leave to re-plead their claims. The Court disagrees.

With respect to sanctions, 28 U.S.C. 1927 "authorizes the courts to sanction an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously.'" In that regard, the Second Circuit has held that "[s]anctions may be imposed, . . . 'only when there is a finding of conduct constituting or akin to bad faith.'" In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (quoting Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997)). In other words, "'an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" Id. (quoting United States v. International Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991)).

Here, there is no evidence to support an award of sanctions. First, as the Court noted, although vague, the Plaintiffs have stated a plausible equitable estoppel defense to the Defendants' argument that the Plaintiffs claims are time-barred. Second, while the Court finds that the Plaintiffs failed to plead their FLSA overtime claim with the requisite specificity, there is at least a colorable argument that the claim is plausible for the purposes of Rule 12(b)(6). Under these circumstances, the Court cannot conclude that the Plaintiffs "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (quoting In re 60 E.

80th St. Equities, Inc., 218 F.3d at 115).  Thus, the Court denies the Defendants' motion for sanctions.

With regard to the Plaintiffs' request to re-plead, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.  Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion.'" L-7 Designs, Inc. v. Old Navy, LLC, No. 09 CIV. 1432 (DC), 2010 WL 532160, at *1 (S.D.N.Y. Feb. 16, 2010) (Chin, J) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)).

However, "'[i]t is the plaintiffs' responsibility to plead their case adequately, and a court may deny a plaintiff leave to replead when that party has . . . 'been given ample prior opportunity to allege a claim.'"  In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig., No. 06 CIV. 643 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) aff'd sub nom. Capital Mgmt. Select Fund Ltd. v. Bennett, 680 F.3d 214 (2d Cir. 2012) (quoting De Jesus v. Sears. Roebuck & Co., 87 F.3d 65, 72 (2d Cir. 1996)).

The Defendants are correct that the Plaintiffs filed an amended complaint in response to the Defendants' first Rule 12(b)(6) motion, and were thus, on notice of potential deficiencies in their claims.  However, the Court had yet to address the parties arguments and it is at least plausible that the Plaintiffs could have viewed the allegations in their original complaint as sufficient for Rule 12(b)(6) purposes, and thus decided not to change them in their amended complaint.  Thus, the Court cannot conclude that the Plaintiffs have been "given ample prior opportunity to allege a claim" that would justify denying them leave to replead their FLSA and NYLL claims.  See Pruell, 678 F.3d at 15 ("Nevertheless, we think the motion to amend should be allowed. The precedents on pleading specificity are in a period of transition, and precise rules

will always be elusive because of the great range and variations in causes of action, fact-patterns and attendant circumstances (e.g., warnings, good faith of counsel).").

Accordingly, the Court grants the Plaintiffs leave to re-plead their FLSA overtime claims and NYLL claims. However, as noted, the Plaintiffs' claim that the Defendants violated the record-keeping requirements set forth in FLSA §§ 211 and 215 fails as a matter of law and thus is dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss is granted without prejudice solely with respect to the Plaintiffs' overtime and state law claims, and their motion for sanctions is denied. The Plaintiffs are granted leave to file a second amended complaint within thirty-days of the date of this Order. Failure to do so will result in the dismissal of their claims with prejudice.

**SO ORDERED.**
Dated: Central Islip, New York
July 23, 2015

_/s/ Arthur D. Spatt____
ARTHUR D. SPATT
United States District Judge